UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. C21-693RSM<br><br>ORDER DENYING MOTION TO CONSOLIDATE RELATED ACTIONS |

This matter comes before the Court on Plaintiffs' Motion to Consolidate Related Actions. Dkt. #22. The Motion is unopposed in this case, but Plaintiffs in the related action C21-996-RSM have filed an opposition brief. *See* Case No. 2:21-cv-996-RSM, Dkt. #13.

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). The moving party has the burden of showing

ORDER DENYING MOTION TO CONSOLIDATE RELATED ACTIONS - 1

that consolidation is appropriate. *EEOC v. Lowe's*, 2008 U.S. Dist. LEXIS 135184 at *6 (W.D. Wash. Aug. 14, 2008).

The Plaintiffs in this action seek to consolidate with Case No. C21-996RSM, which has already consolidated with Case No. C21-1009RSM. The two remaining cases are class actions with consumer plaintiffs alleging antitrust violations by Amazon, the internet retailer. There is thus an overlap of law and the general type of facts one would expect in an antitrust case. However, a close review of the pleadings reveals a distinction. Plaintiffs in the instant case allege that Amazon is violating antitrust law by requiring sellers to agree to a "Most Favored Nation" policy[1] in order to get placed in the "Buy Box" where consumers do most of their shopping; Plaintiffs in C21-996 allege that Amazon is violating antitrust law by requiring sellers to agree to use Amazon Fulfilment Services[2] to get placed in the same "Buy Box." These are different accusations. Amazon is huge; it may get accused of violating antitrust law many times a year, in many different ways, and not all of these actions can or should be consolidated. It is not clear that judicial economy would be served by throwing everything into a single case.

Plaintiffs in the instant case point out that their Consolidated Amended Complaint does mention Amazon Fulfilment Services, which it refers to as Fulfillment by Amazon ("FBA"). This is true. However, the pleading only refers to it in two paragraphs to further highlight Amazon's control over sellers, and only in the factual background. *See* Dkt. #20 at 20–21. The Plaintiffs in the instant case do not tie this discussion to their causes of action, which exclusively discuss the Most Favored Nation policy.

---

[1] Amazon's MFN policies allegedly "forbid third-party merchants from listing their goods anywhere else on the internet at prices lower than their Amazon list prices." Dkt. #20 at 8.
[2] Amazon Fulfillment Services are "a logistics service that provides warehousing, packing, and shipping to third-party sellers." Case No. C21-996, Dkt. #1 at 8.

ORDER DENYING MOTION TO CONSOLIDATE RELATED ACTIONS - 2

The Court finds that Plaintiffs in the instant case have failed to meet their burden of demonstrating enough common questions of fact. The Court further agrees with Plaintiffs in C21-996 that they would be prejudiced by consolidation given the disagreements between Plaintiffs' counsel in both cases and the apparent effort by Plaintiffs' counsel in this case to prioritize its existing allegations over those of the case that it is attempting to consolidate with. *See* Case No. C21-996, Dkt. #13 at 7–9.

Given all of the above, and after consideration of the relevant briefing and the remainder of the records in these cases, the Court finds and ORDERS that Plaintiffs' Motion to Consolidate Related Actions*,* Dkt. #22, is DENIED. The Court will not enter an order consolidating these cases for discovery purposes (as suggested by Plaintiffs' counsel in C21-996) absent further agreement from the parties.

DATED this 19th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CONSOLIDATE RELATED ACTIONS - 3