The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

Case No. 2:21-cv-00693-RSM

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO DEFENDANT AMAZON.COM INC.'S MOTION TO DISMISS AMENDED COMPLAINT**

**NOTE ON MOTION CALENDAR:**
January 21, 2022

PLAINTIFFS' RESPONSE TO
AMAZON.COM, INC.'S NOTICE OF SUPP. AUTH.
CASE NO. 2:21-CV-00693-RSM



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Plaintiffs provide the following response to Amazon's notice of supplemental authorities [ECF 52, Exs. A, B, and C]:

In the related action, *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-RAJ, which like this action also asserts that Amazon's MFN agreements causes consumer overcharges, Judge Jones rejected Amazon's contention that its MFN agreements are *per se* legal and held that the *Frame-Wilson* plaintiffs stated plausible monopoly claims and a plausible price-fixing under the rule of reason. 2022 U.S. Dist. LEXIS 44109 (W.D. Wash. Mar. 11, 2022). That the court in the District of Columbia reached a different decision based on different allegations and under the onerous reconsideration standard in *District of Columbia v. Amazon.com, Inc.*, 2021 CA 001775 B (D.C. Super. August 1, 2022) (ECF 64, Exs. A & B), does not support a rejection of Judge Jones' opinion or a rejection of Plaintiffs' claims here. Critically, the District of Columbia court held that the Attorney General provided only conclusory factual allegations of harm to the market, failing, for example, to identify any products that Amazon's MFN agreements caused to be sold at supracompetitive prices. Ex. B at 13. By contrast, in support of their theory that Amazon's MFN agreements demand price parity, Plaintiffs in this action provide specific examples of third-party sellers that, to conform with their obligations under the MFN agreements, sold their goods at higher prices on sites that compete with Amazon Marketplace. Consolidated Amended Complaint ("CAC") (ECF 20), ¶¶ 46, 113-14.

With respect to the August 3, 2022 Report and Recommendation ("R&R") in *In re Amazon.com, Inc. eBook Antitrust Litigation*, No. 21-cv-00351 (GHW) (VF) (S.D.N.Y.) (ECF 64, Ex. C), Amazon relies on pp. 21-23 of the R&R, where the magistrate concluded that allegations that the major trade publishers each entered into the identical agreements with Amazon to eliminate retail price competition and raise eBook pricing did not provide direct evidence that the publishers colluded *with each other* to achieve these results. Amazon further relies on pp. 31-33 of the R&R, where the magistrate concluded that it was not plausible to infer from the nature of the restraint that the publishers colluded *with each other*. The cited passages are inapposite. Plaintiffs here do not allege a *tacit* conspiracy *among* third-party sellers, but

AMAZON.COM, INC.'S NOTICE OF SUPP. AUTH. - 1
CASE NO. 2:21-cv-00693-RSM

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

rather *written* MFN agreements *between* Amazon and each of its third-party sellers, and that consistent with these agreements Amazon's third-party sellers price their goods on competing sites at supracompetitive prices. CAC, ¶ 20; *see also Frame-Wilson v. Amazon.com, Inc.*, 2022 U.S. Dist. LEXIS 44109 at *12 and *21. As Amazon's own authority demonstrates, an express agreement establishes the concert of action requirement. *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1153-54 (9th Cir. 2003) (cited by Amazon ECF No. 35 at 15). To meet this element of a Section 1 claim, the Ninth Circuit does not require proof of an intent to control prices or exclude competition; that consideration is relevant solely for purposes of determining whether the restraint is *unreasonable. Id.* As argued in Plaintiffs' opposition to Amazon's motion to dismiss, Amazon's MFN agreements are unreasonable as *per se* illegal horizontal price-fixing agreements and under the rule of reason because they restrain price competition and raise consumer prices in the relevant markets. ECF 39 at 5-14.

Finally, Amazon relies on pp. 46-47 of the R&R, where the magistrate relied on *Bookhouse of Stuyvesant Plaza, Inc. v. Amazon.com*, 985 F. Supp. 2d 612 (S.D.N.Y. 2013), to conclude that for purposes of the *eBook* plaintiffs' rule of reason claim, the plaintiffs could not aggregate the publisher defendants' collective market shares to satisfy allegations of the market impact of the challenged agreements. This argument is inapposite, as Amazon did not raise it in its motion to dismiss here. In any event, *Bookhouse* is inconsistent with the Ninth Circuit authorities, which permit aggregate effects. *See, e.g.*, *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1437 (9th Cir. 1995) ("The aggregation of market shares of several rivals is justified if the rivals are alleged to have conspired to monopolize."); *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1303 (9th Cir. 1982) ("[I]t was proper for the district court to have aggregated Sportservice's contracts in the relevant market in order to assess the Sherman Act violations resulting from these contracts."); *Orchard Supply Hardware LLC v. Home Depot USA, Inc.*, 967 F. Supp. 2d 1347, 1363 (N.D. Cal. 2013) ("Aggregating the effect" of the defendant retailer's two separate agreements with suppliers for purposes of alleged violation of Section 1 was "appropriate for the purpose of showing the [retailer's] conduct was

PLAINTIFFS' RESPONSE TO
AMAZON.COM, INC.'S NOTICE OF SUPP. AUTH. - 2
CASE NO. 2:21-cv-00693-RSM



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  anticompetitive[.]"); *City of Anaheim v. S. Cal. Edison Co.*, 955 F.2d 1373, 1376 (1992)
2  (recognizing that "it would not be proper to focus on specific individual acts of an accused
3  monopolist while refusing to consider their overall combined effect."); *Klein v. Facebook, Inc.*,
4  2022 U.S. Dist. LEXIS 8081, at *135-36 (N.D. Cal. Jan. 14, 2022) (collecting cases, in which
5  courts analyze the aggregate effect of a series of anticompetitive acts committed by the
6  defendant, and holding that "Ninth Circuit endorsed this" approach when it held that "it would
7  not be proper to focus on specific individual acts of an accused monopolist while refusing to
8  consider their overall combined effect.") (quoting *City of Anaheim*, 955 F.2d at 1376).

DATED: August 9, 2022              Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By:   */s/ Barbara A. Mahoney*
Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
barbaram@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (pro hac vice)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Warren D. Postman (pro hac vice)
Albert Y. Pak (pro hac vice)
1100 Vermont Avenue, N.W., 12th Floor
Washington DC, 20005
Telephone: (202) 918-1123
E-mail: wdp@ kellerpostman.com
E-mail: albert.pak@kellerpostman.com

*Interim Lead Counsel for Plaintiffs*



QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Alicia Cobb*
Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Executive Committee Members*

PLAINTIFFS' RESPONSE TO
AMAZON.COM, INC.'S NOTICE OF SUPP. AUTH. - 4
CASE NO. 2:21-cv-00693-RSM



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

|   |   |
|---|---|
| 1 |   |
| 2 | MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC |
| 3 | Peggy J. Wedgworth* |
| 4 | Elizabeth McKenna* <br> Robert A. Wallner* |
| 5 | Blake Hunter Yagman* <br> 100 Garden City Plaza, Suite 500 |
| 6 | Garden City, New York 11530 <br> Telephone: 212-594-5300 |
| 7 | pwedgworth@milberg.com <br> emckenna@milberg.com |
| 8 | rwallner@milberg.com <br> byagman@milberg.com |
| 9 | *Pro Hac Vice Forthcoming |
| 10 | *Attorneys for Megan Smith* |

PLAINTIFFS' RESPONSE TO
AMAZON.COM, INC.'S NOTICE OF SUPP. AUTH. - 5
CASE NO. 2:21-cv-00693-RSM



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2022, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                          */s/ Steve W. Berman*
                          Steve W. Berman

