The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00693-RSM<br><br>**JOINT STATEMENT REGARDING CLASS CERTIFICATION BRIEFING SCHEDULE** |



1  The Parties have conferred in good faith and are unable to reach agreement on a briefing schedule for class certification. The Parties' respective positions are set forth below.

A.  **Plaintiffs' Statement:**[1]

Plaintiffs' class certification motion in the related action, *Frame-Wilson, et.al v. Amazon.com, Inc.*, Case. No. 2:20-cv-00424-RAJ (W.D. Wash. 2020), is due on October 30, 2023. Plaintiffs would like to schedule class certification briefing in both actions at the same time. By way of background, the earlier-filed *Frame-Wilson* action asserts virtually identical claims as the current action—*i.e.*, that Amazon's anticompetitive practices have raised prices on both its own Marketplace and on third-party websites—but it defined the class to limit claims to those arising outside of Amazon Marketplace because Amazon then had a mandatory arbitration clause and class action bar in place for its consumer customers. When Amazon removed that clause, Plaintiffs here promptly filed the current action on behalf of Amazon's customers. Therefore, two virtually identical class actions lawsuits have proceeded before two different presiding judges on different tracks, allowing Amazon to use the later-filed case as an opportunity to get a second bite at the apple.[2] Tellingly, however, Amazon recently proposed that the parties coordinate discovery between the two cases, given their clear and substantial overlap.

As set forth below, Plaintiffs propose that they concurrently file their class certification motion in both cases. They propose 74 days for Amazon's opposition brief to accommodate the holidays and the potential that it will also be responding to the *Frame-Wilson* class certification motion:[3]

| Class Certification motion | October 30, 2023 |

---

[1] While it is true that Plaintiffs' counsel took two weeks to propose a briefing schedule, it is not true that Plaintiffs failed to respond to Amazon: Plaintiffs immediately responded to Amazon that they were discussing the matter and would get back to Amazon with their proposal. Plaintiffs' proposal was delayed by their concurrent investigation of the several conditions that Amazon would have imposed, had Plaintiffs accepted its omnibus proposal to re-produce a subset of documents provided to the California Attorney General in this case and in *Frame-Wilson* and the bearing those conditions would have had on Plaintiffs' ability to prepare their class certification motion

[2] For example, Amazon proposes that Plaintiffs file their class certification motion in this case on February 28, 2024, the same day that it proposes submitting an opposition to class certification in *Frame-Wilson*, allowing itself four months to respond to the related *Frame-Wilson* plaintiffs' briefing without permitting Plaintiffs here to benefit from arguments Amazon raises in that action.

[3] The *Frame-Wilson* court has not entered a briefing schedule for Amazon's opposition brief or Plaintiffs' reply in that action.

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 1
Case No. 2:21-cv-00693-RSM

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| Defendant's opposition | January 12, 2024 |
|---|---|
| Reply in Support of Class Certification | March 12, 2024 |

In its Statement below, Amazon attempts to maintain different tracks for virtually identical actions and to use the parties' dispute over a briefing schedule as an opportunity to for improper advocacy. Amazon implies, for example, that the putative classes in both cases may be unwieldy because the scope of its anticompetitive practices is immense. But there is nothing unusual about a large-scale nationwide class.[4] Moreover, Amazon fails to explain why the size of the classes should require separate tracks for the nearly identical related cases or why it entitles Amazon to an unprecedented 241 days (over 8 *months*) to respond to Plaintiffs' class certification brief. If judicial economy and the avoidance of inconsistent results are the guiding light for addressing similar disputes, Amazon's proposal clearly urges the Court to move in the opposite direction.

Amazon also attaches a so-called expert declaration for this scheduling dispute—a remarkably improper and unnecessary maneuver, but one that is also a purely hypothetical exercise. Amazon has not produced any of the transactional data the *Frame-Wilson* Plaintiffs requested; Plaintiffs here have not yet served their discovery requests; and Amazon's purported expert does not claim to have reviewed Amazon's data. Nevertheless, the Hatzitaskos Declaration (apparently, without any sense of irony) largely focuses on how long it will take to pull the data the *Frame-Wilson* Plaintiffs requested (nearly five months ago); how much additional time will be needed to pull data for Plaintiffs here, and how long Plaintiffs' experts (and then Amazon's) will need to "clean" data that Amazon has yet to search for. Hatzitaskos Decl ¶¶ 4-10. Amazon's hypothetical exercise is nothing more than that: Amazon's pure speculation does not justify rejecting Plaintiffs' sound proposal to sync up class certification schedules in the nearly identical cases, nor does it justify allowing Amazon the better part of a year to file an opposition brief to Plaintiffs' motions.

---

[4] *See, e.g.*, *Nat'l ATM Council, Inc. v. Visa Inc.*, 2021 WL 4099451 (D.D.C. Aug. 4, 2021) (certifying nationwide class of persons who were charged supracompetitive access fees at ATMs).

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 2
CASE NO. 2:21-cv-00693-RSM

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Amazon's final gambit is to cite cases with longer schedules than the ones here.  But its citations do not justify its stance.  Those actions involved significant complexities that are not present here, such as the consolidation of numerous Plaintiffs classes involving multiple defendants, and extensions for various reasons after shorter initial briefing schedules were set, among other issues.  But here there is only a single defendant in this case and the parallel *Frame-Wilson* case, and the same attorneys represent plaintiffs in both actions.  *See, e.g., In re: College Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal.), ECF Nos. 127, 189, 216 (multiple consolidated class actions  involving six defendants where time to oppose class certification was originally three months); *Nat'l ATM Council, Inc. v. Visa Inc.*, No. 1:11-cv-01803-RJL (D.D.C.), ECF Nos. 147, 169 (four consolidated class actions against five defendant corporate families, where deadline to respond to class certification motion was extended from its original 90-day timeline because "discovery relevant to the opposition papers in all three cases will not be completed until late January due to witness availability," and "Defendants recently reached agreements in principle to settle" with some parties, "which caused delay as ongoing work and responsibilities had to be reassigned"); *In re: Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal.), ECF Nos. 713, 883, 973 (MDL containing over 20 actions against more than 10 defendants, where original 3.5-month timeline for opposing class certification was extended due to plaintiffs' unexpected delays in providing workable expert backup to their motion); *In re: Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR (N.D. Cal.), ECF Nos. 630, 1115 (MDL with direct and indirect purchaser classes and numerous Defendants); *In re: NCAA I-A Walk-On Football Players Litig.*, No. 2:04-cv-01254-JCC (W.D. Wash.), ECF No. 25 § 1(c) (class certification opposition deadline set to accommodate both expert and "fact discovery related to class certification issues" to occur between filing of the opening motion and the opposition).

In sum, Plaintiffs' proposed schedule should be entered because it furthers the dual goals of judicial economy and avoidance of inconsistent outcomes while allowing Amazon more than ample time to respond to Plaintiffs' motion for class certification.

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 3
CASE NO. 2:21-cv-00693-RSM



**B.    Amazon's Statement:**

While Plaintiffs try to portray this case and *Frame-Wilson* as identical antitrust cases, there are significant differences, particularly for purposes of class certification. Plaintiffs' counsel first filed *Frame-Wilson*, on behalf of a proposed class of consumers who made purchases from all online retailers other than Amazon, alleging that policies governing sales by third-party sellers in Amazon's store caused the prices for products sold by every retailer with an online store in the U.S. to be higher than they otherwise would be. After filing *Frame-Wilson*, Plaintiffs' counsel filed this case on behalf of a proposed class of consumers who have made one or more purchases in Amazon's store, alleging that the same policies caused elevated prices in Amazon's store. Both classes are incredibly large and differ significantly in terms of the arguments for, and data needed to evaluate, class certification motions.

The timeframe that Plaintiffs have proposed would be unrealistic in almost any large antitrust case, but that is especially true here, given the size of the proposed classes in these two cases, and the size of the relevant transactions data. Plaintiffs will have the burden of demonstrating, among other things, that they can establish common impact on a class-wide basis for purchasers of hundreds of millions of products outside of Amazon's store (in the case of *Frame-Wilson*) and in Amazon's store (in the case of *De Coster*). To try to meet that burden, Plaintiffs will need to submit expert analyses and models that utilize massive amounts of transactions data. Amazon, in turn, will need time to replicate and study the analyses and econometric models of Plaintiffs' experts in both cases, and in all likelihood prepare additional data analyses in response.

Amazon is proposing the following class certification schedule that takes into account the already existing schedule in *Frame-Wilson* and the differences between that case and this one; that provides the parties—and their experts—the appropriate amount of time given the complexity of the matters and the magnitude of the relevant datasets; and that is consistent with schedules for other similarly significant antitrust cases litigated in the Ninth Circuit:

|  | *Frame-Wilson* | *De Coster* |
|---|---|---|
| Class Certification Motion | October 30, 2023 | February 28, 2024 |



| | | |
|---|---|---|
| Opposition | February 28, 2024 | June 28, 2024 |
| Reply | April 4, 2024 | August 11, 2024 |

While Amazon would be prejudiced by preparing oppositions to class certification in this case and *Frame-Wilson* on a parallel track and in the timeframe proposed by Plaintiffs due to the large and different datasets involved in each case, Plaintiffs have articulated no prejudice from the schedule Amazon has proposed nor do they address the significant data issues that justify a more reasonable schedule. Judicial economy would be best served by affording Amazon the time it has requested to provide the courts in both cases a full record on which to evaluate Plaintiffs' class certification motions.

The proposed classes in both of these cases are unprecedented in size. The Supreme Court has previously recognized that a class of about 1,500,000 members was "one of the most expansive class actions ever." *Wal-Mart v. Dukes*, 564 U.S. 338, 342 (2011). The class in *Wal-Mart* pales in comparison to the two classes proposed here and in *Frame-Wilson*. The proposed class in this case is alleged to have "more than two hundred million members," Consol. Am. Compl., Dkt. 20, ¶ 144, and the proposed class in *Frame Wilson* is alleged to have "tens of millions of members of the National Class (if not more)," *Frame-Wilson* v. *Amazon.com, Inc.*, No. 20-cv-00424-RAJ, Second Am. Compl., Dkt. 55, ¶ 214, purchasing from over two million sellers. *Id.* ¶¶ 35, 88, 137, 159, 163, 232, 234.

To respond to Plaintiffs' motions in these two cases seeking certification of such unusually large classes, Amazon and its experts will have to analyze and replicate the analyses of Plaintiffs' expert(s) for two different massive sets of purchases involving different transaction datasets: hundreds of millions of purchases in Amazon's store in this case and hundreds of millions of purchases from online retailers other than Amazon in *Frame-Wilson*. This will require complex and separate econometric analyses dependent on large amounts of data. Transaction data for online purchases outside of Amazon's store will also require third-party discovery of an unprecedented magnitude to determine alleged price effects "across online retail sales." *Id.* ¶ 2. In the months leading up to the class certification schedule already set in *Frame-Wilson*, Amazon will need to be

focused on collecting and processing data obtained in the course of third-party discovery. Plaintiffs' proposal that Amazon be required to conduct third party discovery, take depositions of Plaintiffs' expert(s), and respond to simultaneously-filed motions for class certifications in this case and *Frame-Wilson*—with each case dependent on different and enormous transaction data sets—in the span of only two months (with that two-month period including the Thanksgiving, Christmas, and New Year's holidays) is unrealistic and would not aid judicial economy and efficiency by providing both courts the full records they need to decide class certification.

With respect to the schedule in *Frame-Wilson*, on September 12, 2022, Judge Jones set October 30, 2023 as the deadline for the filing of Plaintiffs' class certification motion in *Frame-Wilson*, but did not set the remainder of the briefing schedule.[5]  On January 24, 2023, this Court issued an Order directing that the parties promptly submit a proposed class certification schedule. The next day, on January 25, 2023, Amazon reached out to Plaintiffs stating: "Given the class certification deadline in *Frame-Wilson*, we recommend staggering the due dates and that you identify a date after the class certification brief is due in *Frame-Wilson* for the filing of Plaintiffs' class certification motion in *De Coster*." In addition, Amazon proposed "looking at the two schedules, and working together to develop briefing schedules in both cases, so there is reasonable space between the deadlines for each side." Email from A. Mauser to S. Berman et al. (Jan. 25, 2023).  Amazon received no response from Plaintiffs for the next two weeks.[6] Then, on February 8, 2023, after the Court inquired as to the status of the proposed class certification schedule,

---

[5] Judge Jones also set a schedule for discovery for *Frame-Wilson*. The parties have exchanged initial disclosures, submitted a protective order, and ESI Protocol to the Court, and served document requests on one another, and they have been engaged in a meet and confer process over the scope of production.   No discovery has commenced here.

[6] Plaintiffs assert that their delay in proposing a class certification schedule was a result of their investigation of the impact of Amazon's proposal to coordinate discovery with the California Attorney General's action "on Plaintiffs' ability to prepare their class certification motion," but that is no excuse for their delay.  Amazon was clear that any agreement to coordinate discovery (e.g., depositions) would be without prejudice to Plaintiffs' "request for information needed to support Plaintiffs' class certification motion," 1/27/2023 Letter from A. Mauser to B. Mahoney; *see also* 2/2/2022 Letter from A. Mauser to B. Mahoney ("As we previously explained, by agreeing to coordination with the *CAAG* Litigation, the *Frame-Wilson* Plaintiffs would receive an extensive merits production, without prejudice to their seeking additional discovery they need in support of their motion for class certification"). Amazon also was clear that it was "open to providing more information about the data that Plaintiffs would receive were they to agree to coordination" if Plaintiffs provide[d] Amazon feedback on the proposed conditions for Amazon providing Plaintiffs all documents produced and reproduced in the *CAAG* Litigation." *Id.*  Plaintiffs summarily rejected Amazon's coordination proposal, without providing Amazon feedback and receiving more information.

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 6
Case No. 2:21-cv-00693-RSM



Plaintiffs' counsel responded by proposing briefing schedules for both *Frame-Wilson* and *De Coster* that were not staggered, but that would require Amazon to submit class certification oppositions in both cases on December 29, 2023, eight weeks after Plaintiffs filed their motions for class certification in both cases.[7] The next day, February 9, Amazon replied to Plaintiffs' with the above proposed staggered schedules—providing Amazon 48 additional days in each case for its oppositions to class certification. Email from A. Mauser to B. Mahoney et al. (Feb. 9, 2023).

Given Plaintiffs' suggestion that the data are not complex, and to aid the Court, Amazon has submitted the accompanying Declaration of Kostis Hatzitaskos. The declaration explains that, once the data are produced in both cases, it will also be necessary to spend a significant amount of time cleaning and understanding the data after which the data must be processed and analyzed in the necessary expert reports. Hatzitaskos Decl. ¶¶ 4–7. As Plaintiffs acknowledge, they "have not yet served their discovery requests" in this case.[8] The declaration also explains, the necessary expert work is estimated to take four months in each case given the size of the transactions data at issue and the number of products implicated. Hatzitaskos Decl. ¶ 10. In addition, once Amazon receives the report of Plaintiffs' expert(s), Amazon will also need to undertake expert discovery to digest and analyze their models and analyses. This work will be integral to Amazon's briefs in opposition to class certification.

The briefing schedule proposed by Amazon, which provides for 122 days between the filing of Plaintiffs' motion and Amazon's opposition, is less than the time provided to defendants in other significant antitrust cases, including cases involving Plaintiffs' lead counsel, none of which involved anywhere near the volume of products, transactions, and data that are at issue here. *E.g., In re: College Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal.), ECF Nos. 189, 216 (175 days between class certification motion and opposition) (Hagens Berman co-counsel for

---

[7] After Amazon pointed out that its response time included the Thanksgiving and Christmas holidays, Plaintiffs agreed to extend Amazon's time to January 12, 2024.

[8] Amazon proposed that discovery in this case and *Frame-Wilson* be coordinated with discovery in the action filed by the California Attorney General, with documents and transactions data produced in that action deemed produced in this action, allowing Plaintiffs to receive information more efficiently and expeditiously. Amazon made its coordination proposal without prejudice to Plaintiffs seeking nonduplicative information relevant to their class certification motions. Amazon's coordination proposal is not an admission, as Plaintiffs suggest, that *Frame-Wilson* and *De Coster* are identical for purposes of class certification; as explained above, the proposed classes—and the transactions and data on which they depend—are meaningfully different.

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 7
CASE NO. 2:21-cv-00693-RSM



plaintiffs and proposed class); *Nat'l ATM Council, Inc. v. Visa Inc.*, No. 1:11-cv-01803-RJL (D.D.C.), ECF Nos. 147, 178 (151 days) (Hagens Berman co-lead counsel for direct purchaser class);[9] *In re: Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal.), ECF Nos. 883, 973 (145 days) (Hagens Berman lead counsel for indirect purchaser class); *In re: NCAA I-A Walk-On Football Players Litig.*, No. 2:04-cv-01254-JCC (W.D. Wash.), ECF Nos. 42, 44 (127 days) (Hagens Berman lead counsel for plaintiffs and proposed class against a single defendant)[10]; *In re: Packaged Seafood Prods. Antitrust Litig.*, No. 3:15-md-02670-DMS-MDD (S.D. Cal.), ECF No. 877 (126 days); *In re: Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR (N.D. Cal.), ECF No. 1115 (123 days) (Hagens Berman co-lead counsel for indirect purchaser class).

That some of these briefing periods are the result of additional court-ordered extensions serve only to reinforce the reasonableness of Amazon's proposal. The parties and the Court should be guided by realistic deadlines and to the extent feasible avoid addressing scheduling issues in a piecemeal fashion. While Plaintiffs try to distinguish these cases based on the number of defendants, that is a distinction without a difference because the defendants in these cases collectively opposed class certification. Timing considerations depend on the volume and complexity of data, not the number of defendants.

In their response to these cases setting forth typical schedules, Plaintiffs cite no scheduling orders from an antitrust class action with large or enormous data sets comparable to what they propose here from any case in which they have experience or any other case. Plaintiffs can cite only one case they are aware of with a comparable class size, *Nat'l ATM Council, Inc. v. Visa Inc.*, 2021 WL 4099451 (D.D.C. Aug. 4, 2021), and as noted in that decision, the decision on class

---

[9] Interlocutory appeal was granted from the district court's class certification decision in this case. *In re Visa Inc.*, 2021 U.S. App. LEXIS 29799, at *1 (D.C. Cir. Oct. 1, 2021) ("Petitioners have shown that the district court's class certification decision was, at least, 'questionable' and is accompanied by a potential 'death-knell.'" (quoting *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 250 (D.C. Cir. 2013))).

[10] The schedule in that case provided for fact and expert class discovery to end prior to the filing of an opposition to class certification. Here, Plaintiffs' proposed schedule that does not take into account the fact that discovery in this case has not yet commenced.

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 8
CASE NO. 2:21-CV-00693-RSM



certification came a decade after filing of the case.  The briefing schedule for class certification during those years was 151 days.  *Id.*, ECF Nos. 147, 178.[11]

Amazon therefore respectfully requests that the Court issue the following schedule that takes into account the class certification motion deadline in *Frame-Wilson*:

- Plaintiffs motion for class certification:  February 28, 2024
- Amazon's opposition to class certification:  June 28, 2024
- Plaintiffs' reply in support of class certification:  August 28, 2024

DATED: February 17, 2023            Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By   */s/ Barbara A. Mahoney*
Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
barbaram@hbsslaw.com


KELLER POSTMAN LLC

Zina G. Bash (pro hac vice)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Warren D. Postman (pro hac vice)
Albert Y. Pak (pro hac vice)
1100 Vermont Avenue, N.W., 12th Floor
Washington DC, 20005
Telephone: (202) 918-1123
E-mail: wdp@kellerpostman.com

---

[11] The court amended the deadline for defendants' class certification opposition in minute orders, dated October 7, 2019, and January 5, 2020. The court's October 7, 2019 order, entered soon after plaintiffs filed their motions for class certification, extended defendants' opposition deadline by an additional 45 days for a total of 135 days.  The court later extended the deadline by just two additional weeks due to discovery and settlement issues.



E-mail: albert.pak@kellerpostman.com
Jessica B. Beringer (pro hac vice)
150 N. Riverside, Suite 4100
Chicago, IL, 60606
Telephone: (312)-741-5220
Email:  Jessica.beringer@kellerpostman.com

*Interim Lead Counsel for Plaintiffs*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Alicia Cobb*
Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

KELLER ROHRBACK L.L.P.

By:   */s/ Derek W. Loeser*
Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Dloeser@kellerrohrback.com

*Plaintiffs' Executive Committee Members*

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 10
CASE NO. 2:21-CV-00693-RSM



DAVIS WRIGHT TREMAINE LLP

By:    /s/ John A. Goldmark
John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Ph: (206) 622-3150; Fax: (206) 757-7700
E-mail: JohnGoldmark@dwt.com
E-mail: MaryAnnAlmeida@dwt.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
William B. Michael (pro hac vice)
Amy J. Mauser (pro hac vice)
Martha L. Goodman (pro hac vice)
Kyle Smith (pro hac vice)
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
E-mail: kdunn@paulweiss.com
E-mail: wisaacson@paulweiss.com
E-mail: wmichael@paulweiss.com
E-mail: amauser@paulweiss.com
E-mail: mgoodman@paulweiss.com
E-mail: ksmith@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

JOINT STATEMENT RE CLASS
CERTIFICATION BRIEFING SCHEDULE - 11
CASE NO. 2:21-cv-00693-RSM



**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman

