The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH DE COSTER, MAYA GOLD, JOHN MARIANE, OSAHON OJEAGA, MEGAN SMITH, ROBERT TAYLOR, KENNETH DAVID WEST, and EMMA ZABALLOS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:21-cv-00693-RSM

**AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO PREVENT DISCOVERY OF PRESCRIPTIONS AND LIMIT DISCOVERY OF BRICK-AND-MORTAR PURCHASES**

**Note on Motion Calendar**:
April 14, 2023

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

**I.    INTRODUCTION**................................................................................................1

**II.    BACKGROUND** .............................................................................................1

**III.    LEGAL STANDARD** .....................................................................................5

**IV.    ARGUMENT** .................................................................................................5

**V.    CONCLUSION** ............................................................................................10

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Asacol Antitrust Litig.*,
  2017 WL 11476172 (D. Mass. 2017) ...................................................................................7

*Beckman Indus. Inc.* v. *Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ..............................................................................................9

*Ceats, Inc.* v. *Cont'l Airlines*,
  2012 WL 12886830 (E.D. Tex. 2012) ................................................................................6

*City of Colton* v. *Am. Promotional Events, Inc.*,
  2011 WL 13223968 (C.D. Cal. Nov. 28, 2011)..................................................................8

*In re Cox Enters. Set-Top Cable Television Box Antitrust Litig.*,
  2014 WL 104964 (W.D. Okla. 2014) ................................................................................7

*Cunningham* v. *Bank One*,
  2006 WL 3361773 (W.D. Wash. Nov. 20, 2006).................................................................5

*Doe* v. *Trump*,
  329 F.R.D. 262 (W.D. Wash. 2018) ...................................................................................8

*Ellis* v. *Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ..............................................................................................7

*Equifax, Inc.* v. *F.T.C.*,
  618 F.2d 63 (9th Cir. 1980) ................................................................................................6

*Hicks* v. *PGA Tour, Inc.*,
  897 F.3d 1109 (9th Cir. 2018) ............................................................................................6

*High Tech. Careers* v. *San Jose Mercury News*,
  996 F.2d 987 (9th Cir. 1993) ..............................................................................................6

*Intellicheck Mobilisa, Inc.* v. *Honeywell Int'l Inc.*,
  2017 WL 4221091 (W.D. Wash. 2017)...............................................................................9

*Llera* v. *Tech Mahindra (Ams.) Inc.*,
  2021 WL 5182346 (W.D. Wash. 2021)................................................................................9

*Lucas Auto. Eng'g, Inc.* v. *Bridgestone/Firestone, Inc.*,
  275 F.3d 762 (9th Cir. 2001) ..............................................................................................6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Miller* v. *Mortg. Elec. Sys., Inc.*,
2011 U.S. Dist. LEXIS 126047 (D. Nev. Oct. 31, 2011) ........................................................9

*In re Napster, Inc. Copyright Litig.*,
462 F. Supp. 2d 1060 (N.D. Cal. 2006) ...............................................................................8

*Newcal Indus., Inc.* v. *Ikon Office Sol.*,
513 F.3d 1038 (9th Cir. 2008) .............................................................................................5

*Ordaz* v. *Tate*,
2009 WL 2171779 (E.D. Cal. July 20, 2009) ......................................................................9

*Oxbow Carbon & Minerals LLC* v. *Union Pac. Railroad C*o.,
322 F.R.D. 1 (D.D.C. 2017).................................................................................................8

*Reinsdorf* v. *Sketchers U.S.A., Inc.*,
296 F.R.D. 604 (C.D. Cal. 2013).........................................................................................8

*Rocco* v. *Nam Tai Elecs.*,
245 F.R.D. 131 (S.D.N.Y. 2007) .........................................................................................7

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)...............................................................................................................5

Fed. R. Civ. P. 26(f).................................................................................................................2, 3

LCR 37....................................................................................................................................1, 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

Eight Plaintiffs bring an antitrust class action of enormous magnitude on behalf of hundreds of millions of consumers, arising out of: their purchases, over a six-plus-year time period of 353 million products offered for sale by third-party sellers in Amazon's store.  Despite no discovery requests or responses and objections having been served in this action and no discovery plan yet agreed to or on file, Plaintiffs file this motion to take advantage of the parties' discussions to coordinate discovery between this action and a related action before Judge Jones, *Frame-Wilson* v. *Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.) ("*Frame-Wilson*"), where counsel filed a near-identical motion (neither of which used LCR 37's joint discovery dispute resolution procedures as this Court encourages).  Amazon asked Plaintiffs to withdraw this motion to avoid burdening *two courts* with the same dispute and Amazon proposed that the parties mutually agree to abide by Judge Jones' ruling *in this case*.  Plaintiffs refused.  Plaintiffs' gamesmanship should not be entertained.  This Court should deny Plaintiffs' motion for the same reasons as Judge Jones should in *Frame-Wilson*: Amazon seeks relevant discovery of Plaintiffs' brick-and-mortar retail purchases in this massive class action comprising likely billions of retail purchases, and Amazon proposed reasonable compromises to address Plaintiffs' claims of burden.  In the alternative, the Court should deny this motion as premature.

## II.    BACKGROUND

Subsequent to Plaintiffs' filing of their motion, the parties negotiated an agreement with respect to Plaintiffs' prescription medical purchases objection, mooting that portion of Plaintiffs' motion. Ex. 1 at 1.[1]  Accordingly, this opposition addresses only the brick-and-mortar objection.

**A.** Plaintiffs filed this action in May 2021 and a consolidated amended complaint ("CAC") on July 21, 2021.  Dkt. 1, 20.  For their antitrust claims, Plaintiffs allege two relevant markets, the "Online Retail Sales" and "Online Retail Marketplace" markets, comprised of 353 million different products.  Dkt. 20 ¶¶ 164, 165.  Plaintiffs allege that consumers do not substitute between

---

[1] Citations to lettered exhibits are citations to exhibits attached to the declaration of Steve Berman, Dkt. 72; citations to numbered exhibits are citations to exhibits attached to the declaration of Martha Goodman, filed herewith.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

online and physical retail, supporting that contention with factual allegations purportedly distinguishing between online retail and physical retail. *Id.* ¶¶ 2 n.1, 65–71, 92–99. Plaintiffs seek damages for overcharges paid as a result of Amazon's challenged pricing policies for consumers' purchases of products in Amazon's store. *Id.* ¶ 141. *Frame-Wilson*, for its part, seeks damages for overcharges paid as a result of the *same* challenged pricing policies, but it differs from *De Coster* because it seeks damages for consumers' online retail purchases *outside of Amazon's store*.

In September 2021, Amazon moved to dismiss *De Coster* for, among other reasons, failure to plausibly allege a relevant market because Plaintiffs' two alleged markets exclude retail purchases from brick-and-mortar physical stores. Dkt. 35 at 16–18. This Court denied in part the motion as to the market definition, finding that Amazon's arguments were "fact-based." Dkt. 59 at 9. Thus, from the outset of this case, Amazon has made clear it would defend against Plaintiffs' claims with the commonsense point that Plaintiffs and consumers in the putative class buy all manner of products—from t-shirts to garden hoses to cough drops—in online and physical stores, and products offered in both places are interchangeable, and indeed the same.

**B.** Because, among other reasons, the challenged conduct is the same, and counsel for Plaintiffs and Amazon are the same, in *Frame-Wilson* and *De Coster*, the parties have generally discussed coordination of discovery between them, and among other similar cases.[2] In the August 2022 Joint Discovery Plan filed in *Frame-Wilson*, the parties agreed "to coordinate discovery between this matter and *De Coster*." *Frame-Wilson*, Dkt. 69 at 9. The parties' coordination discussions progressed over the ensuing months and largely focused on Amazon's provision of discovery to Plaintiffs. Goodman Decl. ¶¶ 4–6. Further, Amazon served discovery of Plaintiffs in *Frame-Wilson*, and the parties' conferrals on that discovery did not discuss *De Coster*. *Id.* ¶ 5.

On March 17, 2023, the parties held the *De Coster* Rule 26(f) conference, where coordination discussions first focused on Plaintiffs' provision of discovery to Amazon. *Id.* at ¶ 7.

---

[2] The other cases the parties are working to coordinate aspects of discovery are *Brown et al.* v. *Amazon.com, Inc.*, No. 22-cv-00965 (W.D. Wash.), Judge Chun; *Mbadiwe et al.* v. *Amazon.com, Inc.*, No. 22-cv-09542 (S.D.N.Y.), Judge Broderick; and *People of the State of California* v. *Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. San Francisco) (Judge Schulman).

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 2

On that conference, the parties agreed in principle that the document requests served in *Frame-Wilson* would be deemed served in *De Coster*, as would objections and responses; and that any party could revise or tailor their requests or responses and objections, depending on any differences between the cases. *Id*. The parties have not yet filed the Rule 26(f) Status Report and Joint Discovery Plan, which will reflect and further detail such agreements. *Id*. No party has served document requests, and no party has served responses and objections, notwithstanding the agreement in principle; as for its part, Amazon is considering what if any revisions to its document requests are needed in *De Coster*. *Id*. ¶ 3.

After Plaintiffs filed the instant motion, Amazon proposed that Plaintiffs' counsel withdraw the motion in this case, and Amazon further proposed that the parties mutually agree that the *Frame-Wilson* Court's decision be binding in *De Coster*. Ex. 2 at 3–4. Amazon also proposed the parties agree to a process for resolving discovery disputes that span related cases. *Id*. Plaintiffs refused, and also declined to address how the parties would deal with potentially conflicting rulings from this Court and the *Frame-Wilson* Court, seemingly to leverage any ruling they deemed favorable to the detriment of an unfavorable ruling. *Id.* at 2–3.

**C.** Plaintiffs' motion is based on discovery requests and discussions in *Frame-Wilson*.[3] At the *Frame-Wilson* 26(f) conference, Amazon explained that Plaintiffs should be preserving documents related to their retail purchases outside of Amazon's store, including purchases from brick-and-mortar stores, and preserving all documents responsive to Amazon's anticipated discovery requests—Plaintiffs' "purchases of products during the putative Class Period . . . whether online or in a physical store," "shopping habits and practices," and "document and data preservation practices." *Frame-Wilson*, Dkt. 69 at 6, 19.

Amazon then served discovery seeking documents related to Plaintiffs' online and physical retail purchases. Plaintiffs objected to producing any documents related to their purchases in

---

[3] Amazon refers only to "Plaintiffs" when discussing the *Frame-Wilson* parties' correspondence; however, for the avoidance of doubt, Amazon clarifies that the requests were served on the *Frame-Wilson* Plaintiffs, and not on Plaintiffs in this action, and the parties' subsequent discussions regarding these requests focused only on *Frame-Wilson*, not *De Coster*. Goodman Decl. ¶ 6.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

physical stores. *See*, *e.g.*, Ex. A at 6. Amazon explained the relevance of the discovery to Plaintiffs' assertions that consumers do not substitute between online and physical retail, and to Amazon's well-known defense in this case that a relevant market must include products sold in brick-and-mortar stores. Ex. B at 3–4. Amazon also explained that it is not unduly burdensome for Plaintiffs to conduct a reasonable search for these documents where they may be located. *Id*. To address Plaintiffs' burden objection, Amazon made a proposal that would significantly narrow the scope of Plaintiffs' search for brick-and-mortar documents.

Amazon proposed that each Plaintiff conduct a search—up to 8 hours—of places where hard-copy, physical store purchase documents are likely to be found. If that search takes less than 8 hours, Amazon asked that the Plaintiff so state. Next, given Plaintiffs' contention that they were not obligated to preserve relevant brick-and-mortar documents since the filing of their complaint, Ex. C at 6, Ex. 1 at 7, a proposition with which Amazon disagrees,[4] Amazon proposed that Plaintiffs produce hard-copy documents related to brick-and-mortar purchases that they have affirmatively preserved for this litigation, starting from the date they began preserving and continuing for one year. Amazon would agree that Plaintiffs do not have an ongoing obligation to preserve such documents after that date. Ex. G at 4. Amazon's proposal did not ask or require Plaintiffs to change their ordinary practices with respect to obtaining hard-copy receipts. *Id.*

On April 4, 2023, the parties conferred on this proposal. Amazon asked Plaintiffs to make counterproposals. Goodman Decl. ¶ 8. If the parties could not agree, Amazon asked Plaintiffs to utilize LCR 37's joint discovery dispute resolution procedures. *Id*. Two days later, Plaintiffs emailed: "we cannot accept your proposals, and do not have any further counterproposals to make." Ex. 1 at 9. Thirty minutes later, Plaintiffs' counsel filed the instant motion.

On April 10, Amazon made another proposal in an effort to avoid burdening *two courts* with this dispute. Ex. 1 at 7–8. To resolve the brick-and-mortar objection, Amazon modified the second aspect of its proposal to require Plaintiffs to produce hard copy documents collected and

---

[4] Amazon reserves all rights with respect to Plaintiffs' failure to preserve documents once the obligation to preserve attached.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

preserved over ten months instead of a year. *Id*. at 8. Plaintiffs rejected Amazon's proposal for brick-and-mortar purchases, reiterating objections already stated without particularizing the burden placed on Plaintiffs. *Id*. at 9. In their response, Plaintiffs all but conceded that they have not been preserving brick-and-mortar purchase documents in this case. *Id.* at 7.

### III.   LEGAL STANDARD

Discoverable information is any that is "relevant to any party's claim or defense and proportional to the needs of the case," as measured by, among other things, the amount in controversy, the parties' resources, and whether the burden or expense outweighs benefits. Fed. R. Civ. P. 26(b)(1). Information is discoverable "even if it may not be admissible in evidence." *Frame-Wilson* Dkt. 63 at 5. A party resisting discovery must "show discovery should not be allowed." *Cunningham* v. *Bank One*, 2006 WL 3361773, at *1 (W.D. Wash. Nov. 20, 2006) (citation omitted).

### IV.   ARGUMENT

#### A. Plaintiffs' Brick-and-Mortar Purchase Documents Are Relevant, and the Burden on Plaintiffs is Proportional to the Needs of the Case

To prove their antitrust claims, Plaintiffs must prove a relevant market—a market that "must encompass the products at issue as well as all economic substitutes for the product." *Newcal Indus., Inc.* v. *Ikon Office Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008) (citation omitted). Amazon contends that the market must include products available for purchase in physical stores because, as a matter of common sense, consumers turn to physical retailers just as they would look online to purchase all manner of products. In denying Amazon's motion to dismiss on this argument, this Court recognized the "fact-based" nature of this inquiry. Dkt. 59 at 9. Plaintiffs' physical store purchases are directly relevant to whether Plaintiffs' alleged markets of "Online Retail Sales" and "Online Retail Marketplace" can be proved, and Amazon is entitled to discovery on this topic as this Court's order implicitly recognized in finding that this a "fact-based" issue.

In the CAC, Plaintiffs go to great lengths to support their allegations that the relevant markets in which to evaluate Amazon's conduct are the "Online Retail Marketplace Market" and

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 5

"Online Retail Sales Market." Dkt. 20 ¶¶ 64–99.  Plaintiffs purport to identify differences between brick-and-mortar physical stores and online retail, *id*. ¶¶ 65–68, and conclude that these alleged "numerous distinctions . . . would not cause a sufficient number of transactions to switch to brick-and-mortar stores," *id*. ¶ 68.

Put simply, Plaintiffs make these allegations to support the alleged market of only online retail, contending that consumers do not substitute between shopping online and in physical stores for everyday retail goods.  Put in terms of the antitrust law, market definition may consider "a factual inquiry into the commercial realities faced by consumers." *High Tech. Careers* v. *San Jose Mercury News*, 996 F.2d 987, 990 (9th Cir. 1993) (internal quotations and citation omitted).  Amazon knows that an online-only market defies commonsense because consumers routinely switch between online and physical shopping, and Amazon is entitled to discovery from Plaintiffs in order to show that routine substitution.  *See also Hicks* v. *PGA Tour, Inc*., 897 F.3d 1109, 1120 (9th Cir. 2018); *Equifax, Inc.* v. *F.T.C.*, 618 F.2d 63, 66 (9th Cir. 1980) (looking to "practical indicia" for market definition, such as "industry or public recognition of the [submarket] as a separate economic entity, the product's peculiar characteristics and uses, unique production facilities, distinct customers, distinct prices, sensitivity to price changes, and specialized vendors.") (internal quotations and citation omitted).

With Plaintiffs' records of physical store purchases, Amazon can probe allegations seeking to differentiate online retail from physical retail and whether Plaintiffs' shopping habits reflect these alleged differences, particularly when compared to Plaintiffs' records of online purchases of the same, similar, or economically substitutable products.  Without documents, Plaintiffs might not remember their brick-and-mortar purchase history or the circumstances under which the purchases were made.  Receipts are crucial in aiding Plaintiffs' recollection and establishing any pattern or practice that the documents reflect.  *Ceats, Inc.* v. *Cont'l Airlines*, 2012 WL 12886830, at *7 (E.D. Tex. 2012) ("contemporaneous documents . . . served as strong memory aids").

Physical store purchase records from 8 Plaintiffs, spanning a year, will also provide transaction data to compare online prices to in-store prices and evidence of Plaintiffs' practices

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 6

concerning product substitution. *Lucas Auto. Eng'g, Inc.* v. *Bridgestone/Firestone, Inc.*, 275 F.3d 762, 767 (9th Cir. 2001) (relevant product market also considers "those products to which consumers will turn, given reasonable variations in price").

While acknowledging that "market definition is an important part of the case," Plaintiffs insist that their own purchases are irrelevant because Amazon can rely on "market-wide" or "aggregate pricing" data without delineating between or further specifying these types of data or acknowledging that pricing data is not the same as transaction data. Mot. 11, 12. Plaintiffs do not get to dictate the evidence that Amazon may use to prove its defenses, and Plaintiffs' argument fails to appreciate that product substitution and "practical indicia" beyond price are relevant to market definition. Plaintiffs' cited cases are inapposite. In *In re Asacol Antitrust Litig.*, 2017 WL 11476172, at *4 (D. Mass. 2017), it was undisputed that there was a "wealth of aggregate data . . . available to all parties," and the discovery defendants sought was not in the plaintiffs' possession. Here, Amazon seeks transaction data only in Plaintiffs' possession, which Amazon could use to, among other things, compare the price Plaintiffs paid to the price of the same product, at or around the same time, in Amazon's store or elsewhere in online retail, or provide specific evidence of any substitution between brick-and-mortar and online retail. *In re Cox Enters. Set-Top Cable Television Box Antitrust Litig.*, 2014 WL 104964, at *10 (W.D. Okla. 2014) is a class-certification decision, not a discovery decision, which noted a relevant market could not be proved with "individual consumers' preferences," but needed "common" evidence.

Plaintiffs' brick-and-mortar purchase records are also relevant to Plaintiffs' suitability as class representatives. *Ellis* v. *Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (typicality looks at "whether other members have the same or similar injury, [or] whether the action is based on conduct which is not unique to the named plaintiffs"). Amazon is entitled to robust discovery of Plaintiffs' shopping habits to identify whether their transactions (with online or brick-and-mortar retailers) are typical of those of the putative class. Aggregate data of any kind would not aid in that line of inquiry.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**2.**   Amazon's proposal more than adequately addresses Plaintiffs' alleged burden in producing brick-and-mortar documents and is proportional to the needs of the case. Plaintiffs seek damages for purchases of hundreds of millions of products over a six-year-plus time period— amounting to likely billions of consumer purchases. As class representatives, Plaintiffs have an "obligation" to participate in discovery. *Rocco* v. *Nam Tai Elecs.*, 245 F.R.D. 131, 137 (S.D.N.Y. 2007) (addressing class representative's failure to comply with discovery requests). Commensurate with their role and the massive scope of this case, it is not unduly burdensome for Plaintiffs to look for paper receipts for eight hours (or less), and to produce documents they collect for a limited period of time. All that Plaintiffs describe is "the ordinary burdens that civil litigants must bear." *Doe* v. *Trump*, 329 F.R.D. 262, 271–272 (W.D. Wash. 2018).

Because Plaintiffs have not been preserving all physical store purchase records since they reasonably anticipated filing suit, *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006), Ex. 1 at 7–8, Amazon's proposal is a reasonable way to locate responsive documents existing in the ordinary course. Amazon asks Plaintiffs to conduct a reasonable search of places they are likely to find responsive documents—in their home, car, or office—of up to eight hours, and if a reasonable search of such locations takes less than eight hours, to so state. Ex. G. Amazon is not asking Plaintiffs to search every nook or cranny, but rather, to conduct a reasonable search of where their potentially responsive documents may exist. *Reinsdorf* v. *Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (discovery rules require "a reasonable search," not "perfection"); *City of Colton* v. *Am. Promotional Events, Inc.*, 2011 WL 13223968, at *4 (C.D. Cal. Nov. 28, 2011) (a "reasonable search" factors in that "the responding party has superior knowledge of both the content and location of its own documents").

Second, Amazon asks Plaintiffs to produce brick-and-mortar documents that they have affirmatively preserved for a one-year period. Amazon put Plaintiffs on notice as early as filing its motion to dismiss in September 2021 that it would seek records of brick-and-mortar purchases, Dkt. 35, and again at the 26(f) Conference in *Frame-Wilson* in August 2022, *Frame-Wilson*, Dkt. 69. Had Plaintiffs started preserving in August 2022, their one-year window would conclude in

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

August 2023. Counsel for Plaintiffs cannot claim ignorance because Amazon made this request at the *Frame-Wilson* conference, particularly given that Amazon's motion to dismiss in this case put them clearly on notice in September 2021. Further, considering the amount in controversy and the needs of this case, there is little burden imposed on Plaintiffs to collect these records and give them to their attorneys, who can then review and produce responsive ones. *Cf. Oxbow Carbon & Minerals LLC* v. *Union Pac. Railroad C*o., 322 F.R.D. 1, 9-10 (D.D.C. 2017) (granting motion where the estimated cost to review and produce responsive documents constituted an insignificant amount in comparison to the "tens of millions of dollars" plaintiff sought in damages).

Plaintiffs are incorrect when arguing that credit card statements, electronic records of in-store purchases, and 10 to 25 paper receipts are adequate. Credit card statements do not contain an itemized list of products purchased or of their price. Electronic copies of brick-and-mortar receipts (distinct from buy online, pick up in store records) are few and far between, particularly compared to the ubiquity of paper receipts and online-purchase records. Given the immense scale of consumer purchases at issue in this case, Plaintiffs' proposed production of 10 to 25 receipts is hardly commensurate, and is an insufficient basis to probe Plaintiffs' shopping habits, market definition, or suitability as class representatives.

Finally, Plaintiffs' claims of undue burden lack factual support; they have not put forth any evidence explaining why it would be unduly burdensome for Plaintiffs to search for receipts for up to eight hours, or why it would be unduly burdensome to collect their physical retail hard copy records in a box or bag for a year and periodically turn them over to attorneys. Their failure to articulate and support the purported undue burden is grounds for denying the motion. *Beckman Indus. Inc.* v. *Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (finding "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" insufficient); *Llera* v. *Tech Mahindra (Ams.) Inc.*, 2021 WL 5182346, at *4 (W.D. Wash. 2021) (denying motion for a protective order where defendant did "not explain why" the requested search "would be difficult or expensive or how such a targeted search" was overbroad); *Intellicheck Mobilisa, Inc.* v. *Honeywell Int'l Inc.*, 2017 WL 4221091, at *4 (W.D. Wash. 2017) (denying protective order where

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 9

movant made "no particularized showing of the specific harm that would occur if the protective order is not issued").

### B.   Plaintiffs' Motion Should Be Denied As Premature.

Plaintiffs' motion is procedurally improper.  Where "a discovery plan has not been entered" any "protective order that [the court] limit discovery" would be "premature." *Miller* v. *Mortg. Elec. Sys., Inc.,* 2011 U.S. Dist. LEXIS 126047, at *1 n.1 (D. Nev. Oct. 31, 2011).  "Freestanding protective order motions" are impermissible.  *Ordaz* v. *Tate*, 2009 WL 2171779, at *2 (E.D. Cal. July 20, 2009).  The parties have not filed their Joint Discovery Plan.  On procedure alone, Plaintiffs' motion should be denied.

### V.   CONCLUSION

Amazon respectfully asks that the Court deny Plaintiffs' motion and order Plaintiffs to produce documents consistent with Amazon's proposal.  In the alternative, the Court should deny this motion as premature.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 12th day of April 2023.

Davis Wright Tremaine LLP

/s/ John A. Goldmark
John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8136
Fax: (206) 757-7136
E-mail: johngoldmark@dwt.com
E-mail: maryannalmeida@dwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP

/s/ Karen L. Dunn
Karen L. Dunn (*pro hac vice)*
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
2001 K Street, NW
Washington, D.C.
Telephone: (202) 223-7300
Fax: (202) 223-7420
E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com
E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com

Attorneys for AMAZON.COM, Inc.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 11

**<u>CERTIFICATE OF LENGTH</u>**

I hereby certify that this memorandum complies with the word count limit set forth in LCR 7(e) because it contains 3,509 words.  In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ John A. Goldmark*
John A. Goldmark

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:21-cv-00693-RSM) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax