The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>                                 Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                                 Defendant. | Case No. 2:21-cv-00693-RSM<br><br>**STIPULATED MOTION AND ORDER REGARDING DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR:**<br>**May 16, 2023** |

STIPULATED MOTION AND ORDER
REGARDING DISCOVERY
Case No. 2:21-cv-00693-RSM



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

The Parties, by and through their counsel, stipulate and agree as follows:

1.      Plaintiffs in the *Frame-Wilson v. Amazon*, No. 2:20-cv-00424-RAJ (W.D. Wash.), and *De Coster v. Amazon*, No. 2:21-cv-00693-RSP (W.D. Wash.) cases (collectively "W.D. Wash. Plaintiffs") allege that Amazon violates federal antitrust laws through its agreements with third-party sellers that restrain prices of goods online. Later filed actions in other jurisdictions assert similar claims under state antitrust laws: *People of California v. Amazon*, Case No. CGC-22-601826 (Cal. Super. Court, San Francisco) ("*California* Action); and *Mbadiwe v. Amazon*, No. 1:22-cv-09542 (S.D.N.Y.) (collectively "Plaintiffs from other Jurisdictions"). The Plaintiffs in *Frame-Wilson* served 92 Requests for Production on Amazon in September 2022. For over six months the W.D. Wash. Plaintiffs and Amazon (collectively "Parties") have met and conferred and exchanged extensive correspondence discussing Amazon's responses and objections to these Requests. As a part of their discussions, Amazon sought to minimize the burden of responding to duplicative requests for production from the W.D. Wash. Plaintiffs and the Plaintiffs from Other Jurisdictions and to avoid the potential of duplicative requests for depositions of Amazon witnesses. After multiple meetings and letter exchanges, the Parties reached an agreement as set forth below.

2.      The Parties agreed to general cross-use as between *Frame-Wilson* and *De Coster*—discovery served or produced in one case is available for use in the other, with all parties reserving all objections as to admissibility or relevance of the discovery material in the litigation.

3.      The Parties agree to coordinate depositions of Amazon witnesses with the plaintiffs in *Mbadiwe v. Amazon*, and *People of California v. Amazon* with respect to claims arising from Amazon's agreements with its third-party sellers so long as (1) it is feasible to do so, (2) there is acceptance by the plaintiff groups, and (3) it does not impede the W.D. Wash. Plaintiffs' ability to take depositions in an orderly manner within their own case schedules. Further, any agreement to coordinate with the *Mbadiwe* Plaintiffs is without prejudice to the W.D. Wash. Plaintiffs' right to seek a protective order to prevent the *Mbadiwe* Plaintiffs from

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  attending depositions that do not concern their claims, with Amazon reserving the right to

2  oppose any motion for a protective order.

3       4.   Discussions concerning coordination between the *California* Action and *Brown v.*

4  *Amazon*, No. 22-cv-00965-JHC (W.D. Wash.), are separate discussions, outside of this

5  stipulation, and will continue during the pendency of Amazon's motion to dismiss the *Brown*

6  Action.

7       5.   The Parties note that the claims filed by the Attorney General of the District of

8  Columbia overlap with the claims subject to this Stipulation. *District of Columbia v.*

9  *Amazon.com, Inc.,* Case No. 2021 CA 001775 B. The court granted Amazon's motion to dismiss

10  the District's claims, and the District filed an appeal. In the event that the District's claims are

11  reinstated while fact discovery is ongoing in this case, the parties agree to discuss the

12  coordination of discovery in that case with the cases subject to this coordination stipulation.

13       6.   Amazon's letter dated March 2, 2023 (and as further clarified by subsequent

14  correspondence, including Amazon's response to the W.D. Wash. Plaintiffs' May 10, 2023

15  email) explains that Amazon is reproducing in the *California* Action documents it produced in

16  response to certain requests the California Attorney General made to Amazon in its investigation

17  ("California Litigation Production"). The March 2 letter identifies the requests from the

18  California Attorney General, which generated the California Litigation Production. The Parties

19  agree that Amazon will also produce the California Litigation Production to the W.D. Wash.

20  Plaintiffs. In addition, the W.D. Wash. Plaintiffs will receive any additional productions Amazon

21  makes to the California Attorney General in the *California* Action. To date, this production

22  includes, as stated in Amazon's and the California Attorney General's Joint CMC Statement,

23  more than 700,000 documents from the California Attorney General's investigation and an

24  additional 15,000 documents not previously produced to the California Attorney General from

25  the FTC's investigation of Amazon. The Parties agree that Amazon's production of these

26  documents will be made without delay, with all materials previously produced to the California

27  Attorney General produced to the W.D. Wash. Plaintiffs by May 19, 2023.

28

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

7. Amazon's March 2 letter (and subsequent clarifying correspondence, including its response to the W.D. Wash. Plaintiffs' May 10, 2023 email) clarifies for each of the Requests from the California Attorney General that generated the California Litigation Production in that case, whether Amazon conducted go-get searches, whether it applied search terms, and if the latter, which search terms and which custodians' records were searched for each Request. Amazon's letters dated March 24, and 31 and the W.D. Wash. Plaintiffs' letters dated March 14 and April 4, and emails and attachments dated May 3 and 4, provide additional details concerning Amazon's production, including whether (and how) Amazon had reached agreement to narrow any of the requests at issue.

8. As set forth in that correspondence, Amazon agrees:

A. to provide existing correspondence sent to the California Attorney General that describe, index, or accompany the productions to the California Attorney General, which will be made available to the W.D. Wash. Plaintiffs. To the extent such correspondence addresses materials to the California Attorney General that Amazon is not reproducing in the *California* Action, Amazon may redact any discussion of those materials;

B. to conduct a reasonable "refresh" of certain productions or categories of documents, in light of the date cut-off of the existing productions and to negotiate the scope of a "refresh" in good faith;

C. to supplement the search terms used concerning documents relating to the former Parity Provision; and

D. to conduct a reasonable search for and produce Seller University materials concerning the Parity Provision, the Marketplace Fair Pricing Policy, Featured Offer, Account Health, and MARS for the U.S. from 2016 to the date of collection.

9. Amazon confirms that the California Litigation Production includes profit and loss data from 2012 through October 31, 2022, and Amazon agrees to a refresh of that production, e.g., closer to class certification. Amazon also confirms that the California Litigation

Production includes the results of its go-get search and custodial searches based on identified search terms in response to Request No. 12 in the March 2, 2023 letter, concerning Amazon's Price Parity Provision. Amazon also confirms that the California Litigation Production includes documents relating to Amazon's market share in online retail, and online retail marketplaces and any analysis of the entry of online retail marketplaces or barriers to entry. Amazon agrees to provide good-faith assistance to identify where these materials can be found in the California Litigation Production. Amazon will meet and confer promptly about supplemental productions if the W.D. Wash. Plaintiffs identify additional, non-duplicative materials on these topics that are pertinent to class certification issues.

10.      In addition to the California Litigation Production, Amazon agrees to produce additional categories of documents described in Amazon's March 31, 2023 letter and May 1, 2023 email to Plaintiffs (and as further clarified by subsequent correspondence).

11.      The Parties agree to timely produce documents they reasonably anticipate relying upon for class certification or summary judgment and to timely supplement such productions if additional documents are identified.

12.      The Parties agree that the W.D. Wash. Plaintiffs may pursue additional non-duplicative document discovery needed for purposes of class certification and need not wait to do so only after reviewing all the materials included in the anticipated production. Amazon confirms that it will engage with such requests promptly and in good faith, including by directing the W.D. Wash. Plaintiffs to specific documents it has produced, as appropriate.

13.      This stipulation does not impact the Parties' ability to issue written discovery, such as interrogatories or requests for admission. The W.D. Wash. Plaintiffs have expressly raised conducting discovery concerning whether third-party sellers were uniformly bound by the Price Parity Provision and Fair Pricing Policy, including through interrogatories, requests for admission, or the coordinated depositions referenced above. Should such avenues of discovery be insufficient for the W.D. Wash. Plaintiffs' purposes, they have reserved the right to seek additional documents on this topic.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

14.     The Parties likewise agree that their negotiations over Amazon's production of data and Plaintiffs' requests for posts on Seller Forum, beginning in January 2012, and Seller University modules that relate to third-party seller pricing are occurring concurrently and are not superseded by this stipulation.

15.     The stipulation does not foreclose Plaintiffs from seeking discovery after the Court rules on Plaintiffs' class certification motion, however Amazon reserves the right to object to production of discovery it perceives as duplicative of discovery that was made available to the W.D. Wash. Plaintiffs through this coordination stipulation or discovery that they sought in connection with class certification.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel of record, and the Parties ask the Court to order, that:

16.     The Parties agree to the production of documents, coordination of depositions and other terms as set forth in this stipulation.

17.     The agreement is binding as of the date of submission.

IT IS SO STIPULATED.


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

DATED: May 16, 2023

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Barbara A. Mahoney*
    Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Warren D. Postman (*pro hac vice*)
Albert Y. Pak (*pro hac vice*)
1100 Vermont Avenue, N.W., 12th Floor
Washington DC, 20005
Telephone: (202) 918-1123
E-mail: wdp@kellerpostman.com
E-mail: albert.pak@kellerpostman.com

Jason A. Zweig (*pro hac vice*)
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312) 280-5788
E-mail: jaz@kellerpostman.com

*Interim Co-Lead Counsel for Plaintiffs and the proposed Class*

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
    Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384
E-mail: Dloeser@kellerrohrback.com



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alicia Cobb*
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
Email: davidleray@quinnemanuel.com
Email: nicolassiebert@quinnemanuel.com
Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the proposed Class*

DAVIS WRIGHT TREMAINE LLP

By: /s/ *John A. Goldmark*
    John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile:  (206) 757-7700
E-mail:  JohnGoldmark@dwt.com
E-mail:  MaryAnnAlmeida@dwt.com



1

2

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

3

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)

4

Martha L. Goodman (*pro hac vice*)
Kyle Smith (*pro hac vice*)

5

2001 K Street, NW
Washington, D.C. 20006-1047

6

Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

7

E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com

8

E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com

9

E-mail:  ksmith@paulweiss.com

10

*Attorneys for Defendant Amazon.com, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 18th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman

STIPULATED MOTION AND ORDER
REGARDING DISCOVERY - 9
Case No. 2:21-cv-00693-RSM
010888-14/2249888 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX