The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,

                          Plaintiffs,

   v.

AMAZON.COM, INC., a Delaware corporation,

                          Defendant.

No. 2:21-cv-00693-RSM

**STIPULATED MOTION AND ORDER REGARDING EXPERT DISCOVERY**

**NOTE ON MOTION CALENDAR:**
**May 18, 2023**

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1



The Parties in the above-captioned action, by and through their respective undersigned counsel, have agreed and stipulated to certain protocols regarding expert discovery in the above captioned action ("Expert Stipulation"), subject to approval by the Court.

## I. GENERAL PROVISIONS

1. This Expert Stipulation applies to the Parties to the above captioned action and provides the protocols for conducting expert discovery.

2. Except as provided otherwise herein, expert discovery shall be governed by the Federal Rules of Civil Procedure. To the extent that this Expert Stipulation imposes limitations on discovery which otherwise would be available under the Federal Rules of Civil Procedure, the Parties have agreed to any such limitations. Neither the terms of the Stipulation and Order nor the Parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation and Order would otherwise be discoverable or admissible.

3. This Expert Stipulation shall apply to all prior and future work by experts in this action.

4. Nothing in this Expert Stipulation shall limit or waive a Party's right to object to the admission into evidence of any opposing Party's expert report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

5. The Parties agree that they are not required to produce or exchange any log of any material, otherwise discoverable, that is precluded from discovery or disclosure pursuant to this Expert Stipulation.

## II. NON-TESTIFYING EXPERTS

6. Except as provided for in the Protective Order, dated February 27, 2023, the Parties agree that there shall be no discovery or disclosure with respect to non-testifying experts; provided, however, that if a Party retains as a consulting expert a person who is otherwise a fact witness, only that person's communications within the scope of a *bona fide* consulting expert agreement shall be exempt from discovery or disclosure under this paragraph.

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 1
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

7.      The Parties agree that notes, drafts, written communications, or other records of preliminary or intermediate work prepared or created by, or at the direction of, non-testifying experts shall not be the subject of any form of discovery (including by deposition).

8.      The Parties agree that budgets, invoices, bills, receipts, or time records concerning non-testifying experts or their staff, assistants, colleagues, or associates, or their companies or organizations, shall not be the subject of any form of discovery (including by deposition).

9.      To the extent a non-testifying expert is later designated and disclosed as a testifying expert, that person shall be subject to discovery or disclosure pursuant to Section III of this Expert Stipulation governing testifying experts, including with respect to any documents that would otherwise be subject to protection under this Section II arising from that person's work as a non-testifying expert.

### III.   TESTIFYING EXPERTS

#### A.   Expert Materials to Be Disclosed

10.     Within three (3) business days after service of a report under Rule 26(a)(2)(B), the Party submitting the report shall produce:

    a.    all documents relied upon by the expert in forming their opinions for such report, except to the extent such documents have already been produced in the above captioned litigation or are publicly available, and can be readily identified from the report;

    b.    a copy of all data and other information relied upon by the expert in forming their opinions for such report, including, but not limited to, underlying data, spreadsheets (including formulas therein), computerized regression analysis and/or other underlying reports, programs, computer codes and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the testifying expert is relying for their opinions;

    c.    exhibits, information, charts, tables or data processed or modeled by a computer at the direction of a testifying expert and relied upon by the testifying expert in the course of forming the testifying expert's opinions;

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 2
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

        d.       all raw and final data sets exactly as relied upon by the testifying expert, and all spreadsheets in the expert report or exhibits thereto in native format; and

        e.       copies of industry reports and articles, as well as copies of any excerpt(s) of books, as relied upon by the testifying expert.

11. Information required by Paragraph 10 shall be produced electronically (via email, disc, or FTP site), and (where feasible) in native format or, if native format is not available, a format from which all data contained within is readily extractable. To the extent that such disclosures include charts, tables, exhibits, information or data processed or modeled by computer, the submitting Party shall produce machine-readable copies of the charts, tables, exhibits, information or data (including all linked or used data and data files, input and output files, formulas contained within spreadsheet cells and similar electronic information necessary to understand the charts, tables, exhibits, information or data) sufficient to allow the replication of all analysis contained in the report, along with a list of all computer programs used by the expert for any numerical or other analysis in the report; the Parties agree to meet and confer in good faith regarding access to and use of any program(s) that are not commercially available. In addition, to the extent such disclosures include information gleaned from websites and from third-party sources not readily available, copies of the content of those websites or third-party sources shall also be provided. For avoidance of doubt, the disclosure requirement in this paragraph does not apply to any demonstratives that a Party may create for future court hearings or trial. The use and disclosure of expert demonstratives at trial will be governed by a pre-trial stipulation or order.

12. Documents that have been previously produced in the above captioned action need not be produced if they are identified by Bates number.

13. Transcripts of depositions taken and previously produced in the above captioned action need not be produced if the producing Party identifies in writing the deponent names and dates for transcripts.

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 3
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**B.      Expert Materials Not Requiring Disclosure and Limits on Discovery**

14.     The below-listed categories of documents, communications, and other recording media need not be disclosed by any Party and an expert may not be examined at deposition, hearing or trial on the contents of the below-listed categories of documents, communications, and other recording media:

a.      any notes or other writings taken or prepared by or for an expert witness in connection with this matter (aside from the final written expert report(s) and notes generated or referred to by the expert while testifying at deposition, hearing, or trial), including (i) written correspondence or memoranda to or from, and notes of conversations between and among, the expert witness and (a) the expert's assistants and/or clerical or support staff (regardless of title), (b) other expert witnesses or non-testifying expert consultants, including their assistants and/or clerical or support staff (regardless of title); (c) attorneys for the Party or Parties for whom the expert is offering opinions and their clerical or support staff; and (iv) the Party or Parties for whom the testifying expert is offering opinions;

b.      copies of materials produced by any Party in this litigation bearing the notes, markings, or comments of the expert, the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the Party or Parties and their clerical or support staff;

c.      any draft reports, draft studies, draft work papers, draft declarations, or other draft materials or preliminary work product prepared by, for, or at the direction of, an expert witness or his or her staff or agents, regardless of the form in which the draft is recorded; and

d.      the content or fact of any communications, written or otherwise exchanged, recounted, or memorialized in connection with the above captioned action among and between a testifying expert and any other person, including: (i) the testifying expert's assistants and/or clerical or support staff (regardless of title), (ii) other expert witnesses or non-testifying expert consultants (including their assistants and/or clerical or support staff),

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 4
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

(iii) attorneys for the Party or Parties and their clerical or support staff, regardless of the form of such communications, and (iv) the Party or Parties for whom the testifying expert is offering opinions; and

   e. any budgets, invoices, bills, receipts, work plans, or time records concerning a testifying expert's work in the above captioned action.

15. Except as stated in Paragraph 17, the foregoing exclusions from discovery set forth in Paragraph 14 do not apply to any facts, information, communications, or documents that the expert relies upon as a basis for forming their opinions in the above captioned action.

16. This Expert Stipulation does not preclude reasonable questions at a deposition, hearing, or trial related to a testifying expert's compensation, or the number of hours the testifying expert expended in preparing their opinion(s).

17. Nothing herein shall be construed to prevent questions relating to the substance of the testifying expert's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the testifying expert may not have relied upon in forming his or her opinions). Thus, notwithstanding anything to the contrary herein, a testifying expert may be presented at a deposition, hearing, or trial with documents, testimony, or other materials not disclosed in this Section III and questioned about whether the testifying expert relied or did not rely on such documents, testimony, or other materials in formulating their opinion(s), and whether such documents, testimony, or other materials would cause the testifying expert to alter their opinion(s) in any respect. A testifying expert's communications with their employees and staff and non-testifying expert consultants (including their assistants and/or clerical or support staff), as well as any communications with counsel for the producing Party as to the relevance or significance of facts or data and as to the consideration of alternatives, however, are completely exempt from disclosure.

18. Nothing in this Stipulation shall be construed to preclude or limit the discoverability of any documents or other information relied upon by an expert witness in preparing his or her report(s) or that is otherwise discoverable under any order of the Court.

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 5
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1   IT IS SO STIPULATED.

2   DATED: May 18, 2023                HAGENS BERMAN SOBOL SHAPIRO LLP

3                                      By /s/ *Steve W. Berman*
                                           Steve W. Berman (WSBA No. 12536)
4                                      By /s/ *Barbara A. Mahoney*
                                           Barbara A. Mahoney (WSBA No. 31845)
                                       1301 Second Avenue, Suite 2000
                                       Seattle, WA 98101
                                       Telephone: (206) 623-7292
                                       Facsimile: (206) 623-0594
                                       E-mail: steve@hbsslaw.com
                                               barbaram@hbsslaw.com

                                       Anne F. Johnson (*pro hac vice*)
                                       68 3rd Street, Suite 249
                                       Brooklyn, NY 11231
                                       Telephone: (718) 916-3520
                                       E-mail: annej@hbsslaw.com

                                       KELLER POSTMAN LLC

                                       Zina G. Bash (*pro hac vice*)
                                       111 Congress Avenue, Suite 500
                                       Austin, TX, 78701
                                       Telephone: (512) 690-0990
                                       E-mail: zina.bash@kellerpostman.com

                                       Warren D. Postman (*pro hac vice*)
                                       Albert Y. Pak (*pro hac vice*)
                                       1100 Vermont Avenue, N.W., 12th Floor
                                       Washington DC, 20005
                                       Telephone: (202) 918-1123
                                       E-mail: wdp@kellerpostman.com
                                       E-mail: albert.pak@kellerpostman.com

                                       Jessica Beringer (*pro hac vice*)
                                       Jason A. Zweig (*pro hac vice*)
                                       150 N. Riverside Plaza, Suite 4100
                                       Chicago, Illinois 60606
                                       (312) 741-5220
                                       E-mail: jessica.beringer@kellerpostman.com
                                       E-mail: jaz@kellerpostman.com

                                       *Interim Co-Lead Counsel for Plaintiffs and the proposed Class*

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 6
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1



KELLER ROHRBACK L.L.P.

By: /s/ *Derek W. Loeser*
    Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
E-mail: Dloeser@kellerrohrback.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alicia Cobb*
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
Email: davidleray@quinnemanuel.com
Email: nicolassiebert@quinnemanuel.com
Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the proposed Class*

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 7
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1



|   |   |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | By: /s/ *John A. Goldmark* |
| 3 |     John A. Goldmark, WSBA # 40980 |

DAVIS WRIGHT TREMAINE LLP

By: /s/ *John A. Goldmark*
    John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
E-mail: SteveRummage@dwt.com
E-mail: JohnGoldmark@dwt.com
E-mail: MaryAnnAlmeida@dwt.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Kyle Smith (*pro hac vice*)
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
E-mail: kdunn@paulweiss.com
E-mail: wisaacson@paulweiss.com
E-mail: amauser@paulweiss.com
E-mail: mgoodman@paulweiss.com
E-mail: ksmith@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 8
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1



**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED this 18th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ *Steve W. Berman*
Steve W. Berman

STIPULATED MOTION AND ORDER
REGARDING EXPERT DISCOVERY - 9
Case No. 2:21-cv-00693-RSM
010888-14/2251015 V1

