1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

Case No. 2:21-cv-00693-JHC

**AMENDED STIPULATED PROTECTIVE ORDER**

Plaintiffs Elizabeth De Coster, Maya Gold, John Mariane, Osahon Ojeaga, Megan Smith, Robert Taylor, Kenneth David West, and Emma Zaballos, and Defendant Amazon.com, Inc. jointly stipulate and agree to the entry of a protective order as described below:

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby petition the Court to enter the following Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The availability of protection pursuant to this Protective Order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this Protective Order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents or Discovery Material.

**2.      DEFINITIONS**

2.1     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>Competitive Decision-Making</u>: Participation in decision-making regarding a firm's business operations, including the development or implementation of competitive strategies, business plans, and third-party negotiations, or other decisions made in light of similar corresponding information about a competitor, except when such participation is for the purpose of rendering legal advice as to litigation or antitrust issues.

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record, In-House Counsel, and their support staff.

2.4     <u>Designating Party</u>: the producing Party or Non-Party designating documents or information as Protected Information under this Order.

2.5     <u>Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: A person with specialized knowledge or experience in an area pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>Industry Expert</u>: An Expert whose specialized knowledge or experience derives from personal experience in the industries and markets pertinent to the litigation and who satisfies the other criteria for the definition of Expert.

2.8     <u>In-House Counsel</u>: Attorneys (and their support staff, including legal secondees and economists) who are employees or contractors of a Party and whose responsibilities include overseeing, working on, or supporting this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: Attorneys who are retained to represent or advise a Party to this action.

2.11    <u>Party</u>: Any Party to this action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.12    <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material in this action. To the extent Amazon reproduces to Plaintiffs Discovery Material originally produced by a Non-Party in any other action, Amazon is a "Receiving Party" and not a "Producing Party" of Non-Party Discovery Material.

2.13    <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.14   <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

**3.   PROTECTED MATERIAL**

3.1   <u>"CONFIDENTIAL" Material</u>: Documents and tangible things that may be produced or otherwise exchanged 1) that the Designating Party reasonably believes contain, describe, or disclose sensitive, non-public, confidential information, such as (a) court records, whether in this District or other courts, currently maintained under seal; (b) information subject to a non-disclosure or confidentiality agreement; (c) employee personnel information; (d) a Non-Party's commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality, and (e) personal identifying information subject to redaction under Local Civil Rule 5.2, or 2) the Designating Party's own commercially sensitive information, such as (a) financial or accounting information; (b) commercially sensitive internal communications or information; and (c) business negotiations, transactions, and dealings with Non-Parties.

3.2   <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material</u>: Extremely sensitive materials that qualify as "CONFIDENTIAL" and that the Designating Party reasonably believes contain highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a risk of competitive or commercial disadvantage to the Designating Party.

3.3   This Order does not envision the production of source code or object code. Should the Parties agree to source code discovery, they will enter a separate stipulated source code supplement to this Order.

**4.   SCOPE**

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, and/or Experts that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2     <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing or Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, including employees, vendors, and consultants of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party's In-House Counsel, who have no involvement in Competitive Decision-Making, and to whom disclosure is reasonably necessary for the purpose of litigating this Action;

(c)     Experts, professional jury or trial consultants, and their employees and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court, court personnel, and court reporters and their staff;

(e)     copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Confidential Material and who execute the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A, provided that counsel for the Party retaining such services instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

1    (f)    during their depositions, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

4  transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must

5  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

6  under this agreement; and

7    (g)    the author or recipient of a document containing the information or a

8  custodian or other person who otherwise possessed or knew the information.

9    5.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

10  Material. Unless otherwise ordered by the Court or permitted in writing by the Designating

11  Party, a Receiving Party may disclose any Highly Confidential—Attorney's Eyes Only Material

12  only to:

13    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

14  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

15  information for this litigation;

16    (b)    Experts, professional jury or trial consultants, and their employees and

17  staff, to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A), and, with respect to an Industry

19  Expert, has been subject to the procedure in Section 5.7;

20    (c)    the Court, court personnel, and court reporters and their staff;

21    (d)    the author or recipient of a document containing the information or a

22  custodian or other person who otherwise possessed or knew the information;

23    (e)    employees of the Producing Party to whom disclosure is reasonably

24  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

25  Order" attached as Exhibit A;

26    (f)    copy, imaging, document management, and electronic discovery services

27  retained by Counsel to assist in the management of Highly Confidential-Attorney's Eyes Only

28  Material and who execute the "Agreement to Be Bound by Protective Order" attached as Exhibit

A, provided that counsel for the Party retaining such services instructs the service not to disclose any Highly Confidential Material to third parties and to immediately return all originals and copies of any Highly Confidential Material;

(g)    the following four (4) In-House Counsel who Amazon certifies are not involved in Competitive Decision-Making and are not reasonably likely to become involved in Competitive Decision-Making, including:

1.    Nate Sutton;

2.    Bryson Bachman;

3.    Cristina Fernandez; and

4.    Caroline Jones.

(h)    additional In-House Counsel substituted for an individual listed in Section 5.3(g): (i) who have no involvement in Competitive Decision-Making; (ii) to whom disclosure is reasonably necessary for the litigation of this Action; (iii) who have been disclosed under Section 5.4 of this Order; and (iv) who is not subject to an objection by a Designating Party under Section 5.4, unless the Court overrules such objection.

5.4    <u>Procedure for Identifying Designated In-House Counsel Pursuant to Section 5.3(h).</u> Unless otherwise agreed to in writing by the Designating Party or otherwise ordered by the Court, material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" can be disclosed to Designated In-House Counsel of the Receiving Party contemplated by Section 5.3(h) and not identified in Section 5.3(g) only after:

(a)    The Receiving Party notifies the Designating Party of: (i) the name(s) of the additional Designated In-House Counsel; (ii) the title and a general description of the responsibilities of those Designated In-House Counsel; (iii) a certification that (1) the Designated In-House Counsel are not involved in Competitive-Decision-Making; and (2) it is not reasonably foreseeable that the Designated In-House Counsel will become involved in Competitive Decision-Making.

(b)     If the Designating Party fails to object within twenty-one (21) days, the Receiving Party may disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material to the Designated In-House Counsel identified pursuant to Section 5.4(a).

(c)     If the Designating Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. Upon a written request by the Receiving Party, the Receiving Party and Designating Party shall meet and confer on the objection to try to resolve the objection. Except by agreement of both the Receiving Party and the Designating Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Receiving Party. If the Receiving Party and the Designating Party are unable to reach a resolution after a good faith effort to meet and confer, then either Party may seek an appropriate order following the applicable procedures for such requests from the court. A good faith effort to confer requires a face-to-face meeting or telephone conference.

5.5     <u>Competitive Decision-Making Bar</u>. Any In-House Designated Counsel who receives material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" shall be prohibited from engaging in any Competitive Decision-Making relating to such material, including taking any new role that would require Competitive Decision-Making relating to such material, for two (2) years after (a) the In-House Counsel no longer has access to such material; or (b) final disposition of this Action, as defined in Section 12, whichever is earlier.

5.6     <u>Disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Material to In-House Counsel Based on Need</u>. Defendant may at any time before the trial of this Action request disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material to additional In-House Counsel not identified in Section 5.3 of this Order by consent of the Designating Party who made such designation or motion with the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this Action stating with particularity the need for such disclosure. Defendant must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written notice. If no

agreement is reached, Defendant may file a motion with the Court. Defendant will not disclose any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material to its In-House Counsel pending resolution of the dispute. If the Court finds that the designated In-House Counsel has a particularized need for access to the HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY material that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY material to its designated In-House Counsel notwithstanding Section 5.

      5.7    <u>Procedures for Approving or Objecting to Disclosure to Industry Expert of Materials Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."</u>

      (a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Industry Expert any material that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Industry Expert, (2) sets forth the full name of the Industry Expert and the city and state of his or her primary residence, (3) attaches a copy of the Industry Expert's current resume, (4) identifies the Industry Expert's current employer(s), (5) identifies each person or entity from whom the Industry Expert has received compensation or funding for work in his or her areas of expertise or to whom the Industry Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Industry Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. If the Industry Expert believes that any of the information sought through part (6) of this

disclosure is subject to a confidentiality obligation to a third party, then the Expert should indicate the confidential matters with as much detail as possible.

(b)     A Party that makes a written disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to the identified Industry Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Industry Expert may file a motion as provided in Local Civil Rule 7 seeking permission from the Court to do so, or may use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Industry Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Industry Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Industry Expert.

(d)     Nothing in this Section modifies the ordinary deadlines for expert disclosures under the Federal Rules and this Court's orders.  Testifying experts not receiving HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY materials shall be disclosed by the deadline established by the Court.  Testifying Industry Experts receiving HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY materials shall be disclosed consistent with

this Section. Consulting Industry Experts receiving HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY materials are not required to be disclosed prior to any applicable

deadlines contained within the Federal Rules.

5.5     Filing Protected Material. Before filing Protected Material or discussing or

referencing such material in court filings, the filing Party shall confer with the Designating Party,

in accordance with Local Civil Rule 5(g). Any motion to seal filed by the Receiving Party, where

a Designating Party must make the showing required by Local Civil Rule 5(g)(3)(B) in response

to the motion, must be noted for consideration no earlier than the fourth Friday after filing. A

Party who seeks to maintain the designation must satisfy the requirements of Local Civil Rule

5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement

will result in the motion to seal being denied, in accordance with the strong presumption of

public access to the Court's files.

5.6     Disclosure of Protected Material at Hearings or Trial: Any person receiving

Protected Material shall not reveal or discuss such information at any pre-trial hearing or hearing

open to individuals not otherwise authorized to receive Protected Material except as follows: In

the event a person receiving Protected Material intends to use Protected Material in any

proceeding open to individuals not entitled to receive Protected Materials, such person shall, at

least 14 days in advance, move to seal the proceeding or give the person that produced the

Protected Material written notice. In the latter case, the Producing and Receiving Parties shall

thereafter meet and confer to determine whether the Protected Material can be so used. If they

cannot reach agreement, the person who produced the Protected Material may file a motion to

seal the proceeding. If, however, the party seeks to use the Protected Material at a hearing for

which it had fewer than 21 days' advance notice, the Producing and Receiving Parties will meet

and confer within a reasonable time before the hearing.

6.      **DESIGNATING PROTECTED MATERIAL**

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this agreement must take

care to limit any such designation to specific material that qualifies under the appropriate

standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations</u>. Except as provided in section 6.2 (a) below, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to documents containing Protected Material produced in native format, the Designating Party shall include the appropriate designation in the manner agreed to pursuant to the Parties' ESI protocol.

(b)     <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The Parties and any participating Non-Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate

portions of the transcript, or exhibits thereto, as confidential. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed. However, upon a showing of good cause by the Party seeking to rely on the transcript, e.g., for use in a scheduled filing with the Court, the Parties agree to shorten the designation period to 15 days or in appropriate circumstances fewer.

(c)     If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(d)     Other tangible items: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Party challenging a designation must provide the Bates number or otherwise clearly and unmistakably identify each item (if a Bates number is unavailable) of Protected Material being challenged.

7.2     <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7(b) and in compliance with Local Civil Rule 5(g), if applicable, or may request that the Parties follow the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8.     NON-PARTY PROTECTED MATERIAL

8.1     <u>Non-Party Discovery Material Requested from a Party</u>. In the event that a Party is required, by a valid discovery request or Court order, to produce Discovery Material from a Non-Party in this Action where the Party is subject to a statutory or other legal obligation, or an agreement with the Non-Party, to maintain such Discovery Material on a confidential basis, then the Party shall promptly, but in any event no later than fourteen (14) days after receiving a valid discovery request or Court order: (i) notify in writing the Requesting Party and the Non-Party that some or all of the Discovery Material requested in subject to a statutory or other legal

obligation, or an agreement between the Producing Party and the Non-Party, to maintain the information on a confidential basis; and (ii) provide the Non-Party with a copy of this Order, and the relevant discovery request(s) or Court order. The Non-Party shall have twenty-one (21) days to either (i) consent to the disclosure of the requested Discovery Material subject to designations that the Non-Party may make in accordance with the procedures set forth in Section 6; or (ii) notify the Requesting Party, in writing, that the Non-Party objects to disclosure of the requested Discovery Material. If any Non-Party receiving such notice fails to object within twenty-one (21) days, the Producing Party may not withhold the production of such Discovery Material on the basis of any confidentiality obligation to the Non-Party. If the Non-Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. The Requesting Party and the Non-Party shall meet and confer on the objection to try to resolve the objection. Except by agreement of both the Requesting Party and the Non-Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Requesting Party. If the Requesting Party and the Non-Party are unable to reach a resolution after a good faith effort to meet and confer, then either the Requesting Party or the Non-Party may seek any appropriate order following the applicable procedures for such requests from the Court.

       8.2   <u>Discovery Material Produced by a Non-Party</u>. To the extent a Non-Party agrees to produce or is ordered to produce Discovery Material in this Action, the Non-party shall be protected by the remedies and relief available under this Order. The Non-Party shall have twenty-one (21) days from receiving a copy of this Order to object to this Order. If the Non-Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. The Parties and the Non-Party shall meet and confer on the objection to try to resolve the objection. Except by the unanimous agreement of Plaintiffs, Defendant and the Non-Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Non-Party. If the Parties and the Non-Party are unable to reach a resolution after a good faith effort to meet and confer, then any of them may seek any appropriate order following the applicable procedures for such requests from the Court.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that Party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized access or disclosure, (b) investigate and report to Designating Party the scope of and circumstances of the unauthorized access or disclosure, (c) take immediate and reasonable steps to rectify the unauthorized access or disclosure, including using its best efforts to retrieve all

unauthorized copies of the Protected Material and instituting additional security to prevent any further access or disclosure, (d) comply with all obligations under applicable laws relating to unauthorized access or disclosure, including security breach notification laws and other applicable laws, (e) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (f) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. This Order invokes the protections afforded by Fed. R. Evid. 502(b). As provided under Fed. R. Evid. 502(b) and 502(d) and subject to the limitations in Fed. R. Evid. 502(a), the disclosure of privileged material in connection with this litigation does not operate as a waiver in this action or any other action by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**12.     NON-TERMINATION AND RETURN OF DOCUMENTS**

Unless otherwise ordered or agreed in writing, within 60 days after the termination of this action, including all appeals, each Receiving Party must destroy all Protected Material, including all copies, extracts, and summaries thereof.

The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

1       Notwithstanding this provision, Counsel are entitled to retain one archival copy of all

2   documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

3   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

4   work product, even if such materials contain Protected Material. Any such archival copies that

5   contain or constitute Protected Material remain subject to this Protective Order.

6       Even after final disposition of this litigation, the confidentiality obligations imposed by

7   this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a

8   court orders otherwise.

9       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED: July 26, 2024                    Respectfully submitted,

12   HAGENS BERMAN SOBOL SHAPIRO LLP

13   By /s/ *Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By /s/ *Barbara A. Mahoney*

14   Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000

15   Seattle, WA 98101
Telephone: (206) 623-7292

16   Facsimile:  (206) 623-0594
E-mail:  steve@hbsslaw.com

17           barbaram@hbsslaw.com

18   Anne F. Johnson (*pro hac vice*)

19   594 Dean Street, Suite 24
Brooklyn, NY 11238

20   Telephone: (718) 916-3520
E-mail:  annej@hbsslaw.com

21   KELLER POSTMAN LLC

22   Zina G. Bash (*pro hac vice*)

23   111 Congress Avenue, Suite 500
Austin, TX 78701

24   Telephone: (512) 690-0990
E-mail:  zina.bash@kellerpostman.com

25   Warren D. Postman (*pro hac vice*)

26   Albert Y. Pak (*pro hac vice*)
1101 Connecticut Ave., N.W, Suite 1100

27   Washington DC 20036
Telephone: (202) 918-1123

28   E-mail:  wdp@kellerpostman.com
        albert.pak@kellerpostman.com

1

2  Jessica Beringer (*pro hac vice*)
   Shane Kelly (*pro hac vice*)
3  150 N. Riverside Plaza, Suite 4100
   Chicago, IL 60606
4  Telephone: (312) 741-5220
   E-mail:  jessica.beringer@kellerpostman.com
5             shane.kelly@kellerpostman.com

6  *Interim Co-Lead Counsel for Plaintiffs and the
   proposed Class*

7  KELLER ROHRBACK L.L.P.

8  By:    /s/ *Derek W. Loeser*
   Derek W. Loeser (WSBA No. 24274)
9  1201 Third Avenue, Suite 3400
   Seattle, WA 98101-3052
10 Telephone: (206) 623-1900
   Facsimile:  (206) 623-3384
11 E-mail:dloeser@kellerrohrback.com

12 QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
13
   By:    /s/ *Alicia Cobb*
14 Alicia Cobb, WSBA # 48685
   1109 First Avenue, Suite 210
15 Seattle, WA 98101
   Telephone: (206) 905-7000
16 E-mail:  aliciacobb@quinnemanuel.com

17 Steig Olson (*pro hac vice*)
   Maxwell P. Deabler-Meadows (*pro hac vice*)
18 Nicolas Siebert (*pro hac vice*)
   David Du LeRay (*pro hac vice*)
19 51 Madison Avenue, 22nd Floor
   New York, NY 10010
20 Telephone: (212) 849-7000
   E-mail:  steigolson@quinnemanuel.com
21           davidleray@quinnemanuel.com
             nicolassiebert@quinnemanuel.com
22           maxmeadows@quinnemanuel.com

23 Adam B. Wolfson (*pro hac vice*)
   865 South Figueroa Street, 10th Floor
24 Los Angeles, CA 90017-2543
   Telephone: (213) 443-3000
25 E-mail:  adamwolfson@quinnemanuel.com

26 *Interim Executive Committee for Plaintiffs and the
   proposed Class*

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 18
CASE NO. 2:21-CV-00693-JHC

1

DAVIS WRIGHT TREMAINE LLP

2

3

By:_____/s/ John A. Goldmark_____
     John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086

4

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610

5

Telephone: (206) 622-3150
Email:  JohnGoldmark@dwt.com

6

Email:  MaryAnnAlmeida@dwt.com

7

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

8

9

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)

10

Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)

11

Kyle Smith (*pro hac vice*)
2001 K Street, NW

12

Washington, D.C. 20006-1047
Telephone: (202) 223-7300

13

Email:  kdunn@paulweiss.com
Email:  wisaacson@paulweiss.com

14

Email:  amauser@paulweiss.com
Email:  mgoodman@paulweiss.com

15

Email:  ksmith@paulweiss.com

16

*Attorneys for Defendant Amazon.com, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ORDER**

2
      Based on the foregoing, IT IS SO ORDERED.

3

4
DATED: July 29, 2024.

5
                                         John H. Chun

6
                                       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was issued by the

United States District Court for the Western District of Washington on [date] in the case of *De

Coster, et al. v. Amazon.com, Inc.*, Case No. 2:21-cv-00693-JHC. I agree to comply with and to be

bound by all the terms of this Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____