# Exhibit C

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:21-cv-00693-JHC <br><br> **OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AMAZON TO PRODUCE DOCUMENTS AND INFORMATION RESPONSIVE TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION AND FOURTH SET OF INTERROGATORIES** <br><br> **FILED UNDER SEAL** <br> *Oral Argument Requested* |
| DEBORAH FRAME-WILSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:22-cv-00965-JHC |

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

    A. Like many companies, Amazon engages with academics, universities, think tanks, and the media. ............................................................................... 2

    B. Amazon has not exerted undue influence on cited scholars. ............................... 3

III. LEGAL STANDARD ..................................................................................................... 5

IV. ARGUMENT .................................................................................................................. 6

    A. The Requests seek irrelevant information. ........................................................... 6

    B. Amazon has already offered to disclose funding that might call into question the partiality of an academic source on which it relies— which is all Plaintiffs' authorities suggest is discoverable. ................................. 7

    C. The Requests are vastly overbroad. ...................................................................... 9

    D. Plaintiffs' Requests would have a chilling effect on constitutionally protected speech and unfettered academic inquiry. ............................................ 11

V. CONCLUSION ............................................................................................................. 12

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Cases**

*Alaska Elec. Pension Fund v. Pharmacia Corp.*,
    2005 WL 6429128 (D.N.J. Aug. 3, 2005) ............................................................... 8

*Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*,
    233 F.R.D. 209 (D.D.C. 2006) ............................................................................... 6

*Americans for Prosperity Found. v. Bonta*,
    141 S. Ct. 2373 (2021) ......................................................................................... 11

*Apple Inc. v. Match Grp., Inc.*,
    2021 WL 3727067 (N.D. Cal. 2021) ..................................................................... 6

*Becker v. TIG Ins. Co.*,
    2022 WL 13925733, (W.D. Wash. Oct. 24, 2022) ........................................... 5, 9

*Broadrick v. Oklahoma*,
    413 U.S. 601 (1973) ............................................................................................ 11

*Byers v. Lincoln Elec. Co.*,
    2008 WL 4849339 (N.D. Ohio Nov. 6, 2008) ....................................................... 8

*Marchlewicz v. Bros. Xpress, Inc.*,
    2021 WL 397398 (W.D. Tex. Feb. 4, 2021) .......................................................... 9

*United States ex rel. Porges Elec. Grp., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
    2021 WL 1395767 (D. Guam Apr. 13, 2021) ...................................................... 10

*Cooper v. Rezutko*,
    2019 WL 927095 (N.D. Ind. Feb. 26, 2019) .......................................................... 9

*Yohn v. California Tchrs. Ass'n*,
    2017 WL 11635459 (C.D. Cal. 2017) .................................................................... 6

*Harris v. comScore, Inc.*,
    2012 WL 686709 (N.D. Ill. 2012) .......................................................................... 6

*In re BofI Holding, Inc. Sec. Litig.*,
    2021 WL 3516490 (S.D. Cal. Aug. 10, 2021) .................................................. 9, 11

*In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
    2014 WL 505234 (S.D.W. Va. Feb. 5, 2014) ........................................................ 8

*In re Ex Parte Application of Qualcomm Inc.*,
    162 F. Supp. 3d 1029 (N.D. Cal. 2016) ............................................................... 11

*In re Welding Fume Prods. Liab. Litig.*,
    534 F. Supp. 2d 761 (N.D. Ohio 2008) ................................................................. 7

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Jowers v. BOC Grp., Inc.*,
    608 F. Supp. 2d 724 (S.D. Miss. 2009) ................................................................................ 8

*Oracle Am., Inc. v. Google Inc.*,
    2012 WL 3561366 (N.D. Cal. Aug. 20, 2012) ..................................................................... 8

*Perry v. Schwarzenegger*,
    591 F.3d 1147 (9th Cir. 2010) ............................................................................. 5, 6, 11, 12

*Schneider v. Revici*,
    817 F.2d 987 (2d Cir. 1987) ................................................................................................. 8

*Toering v. EAN Holdings LLC*,
    2016 WL 11626756, (W.D. Wash. July 22, 2016) ........................................................... 5, 6

*United States v. Schwieger*,
    2001 WL 649826 (S.D.N.Y. June 12, 2001) ....................................................................... 7

*Waters v. Drake*,
    2015 WL 8281858 (S.D. Ohio 2015) ................................................................................... 6

*Webb v. Trader Joe's Co.*,
    999 F.3d 1196 (9th Cir. 2021) .............................................................................................. 9

*Wright v. Fred Hutchinson Cancer Rsch. Ctr.*,
    206 F.R.D. 679 (W.D. Wash. 2002) ..................................................................................... 9

*Wyatt B. v. Kotek*,
    2024 WL 1574471 (D. Or. Apr. 11, 2024) ....................................................................... 1, 6

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 5, 11

Fed. R. Civ. P. 26(b)(4)(D) ............................................................................................................ 7

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

In six astoundingly overbroad interrogatories and attendant requests for production (the "Requests"), Plaintiffs seek to probe Amazon's relationships with a host of journalists, universities, academics, and trade associations without regard to whether these third parties or the materials they authored will have any evidentiary value.

Contrary to Plaintiffs' argument, Mot. 1, courts routinely **deny** this type of fishing expedition because, in the words of one court, "the details of either party's media or public relations strategy will not assist this Court in resolving the issues before it and Plaintiff's request for those materials is, frankly, a waste of time for all concerned."  *Wyatt B. v. Kotek*, 2024 WL 1574471, at *4 (D. Or. Apr. 11, 2024).[1]

There is one narrow issue on which some courts outside of this Circuit have permitted limited discovery:  When a third-party scholar's work amounts to "virtual testimony through repeated quotation and citation by the parties' experts," then it may be permissible to explore financial payment by litigants to the scholar that may have influenced the partiality of the cited work.  That is not the circumstance here.  Nonetheless, because Plaintiffs pointed to Amazon's citation (during Economics Day proceedings) of an article by Professor Herbert Hovenkamp, one of the most celebrated academics in U.S. antitrust law, Amazon confirmed what Prof. Hovenkamp has publicly averred ***three times***: Amazon has never retained, paid, or engaged him in any capacity. Amazon further committed to disclosing whether it funded any article, study, or treatise cited in any expert reports or court brief, and has already made good on this promise.  *See* Ex. 20.  And as Plaintiffs demand, should Amazon offer a learned treatise as evidence at trial, it will also disclose whether it funded that piece.  Mot. 10.  Notably, Plaintiffs have refused to commit to making reciprocal disclosures.

If Plaintiffs were truly interested in revealing relevant bias, they would be satisfied with Amazon's adherence to what the law—at most—requires.  Instead, they have demanded overbroad

---

[1] Unless noted, all quoted material has been cleaned up for readability by removing brackets, ellipses, footnote call numbers, internal quotation marks, and internal citations, and all emphasis is added.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and irrelevant discovery into Amazon's relationships and communications with authors, scholars, and journalists. In addition to being a colossal waste of time and resources, granting this Motion would set a novel and dangerous precedent that would open discovery into the public affairs function at every corporation, government agency, university, or non-profit. Worse, subjecting third parties' communications with companies to civil discovery based on unfounded accusations of bias would chill constitutionally protected academic and public discourse.

The Court should deny the Motion to Compel.[2]

## II.  BACKGROUND

### A.  Like many companies, Amazon engages with academics, universities, think tanks, and the media.

Amazon, like any responsible company, endeavors to follow public discourse on issues important to its business. *E.g.*, Ex. 6 (discussing Walmart, Microsoft, and Google).[3] It publishes on Amazon websites, Ex. 18, and engages public-relations professionals to respond to press inquiries and provide journalists with information relevant to their stories. *E.g.*, Ex. 2 (discussing briefing "reporters (those who proactively write or inquire)"). Amazon also engages with public intellectuals—sometimes in response to their requests—including to point out factual or theoretical errors with their work, or educate them on Amazon's business. Those scholars may choose to accept Amazon's suggestions—or not.

That is normal-course activity and responsible business practice. And it serves the public good: The ability of journalists and academics to speak with the subjects of their pieces is essential to the operation of a free press and the creation of responsible, fact-based scholarship. Academic standards do not forbid authors or scholars from talking to the subjects of their research. As a

---

[2] Given the extraordinary nature of Plaintiffs' request, Amazon respectfully requests oral argument.
[3] Exhibits 1 through 31 refer to the Berman Declaration. *Brown*, Dkt. 217; *Frame-Wilson*, Dkt. 348; *De Coster*, Dkt. 378. Exhibits 32 and following are attached to the concurrently filed Dearborn Declaration.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

general matter, only receipt of funding, leadership roles, or an actual right of review must be disclosed to readers as a potential conflict.[4]

Amazon, again, like many other companies, supports hundreds of universities, trade associations, and industry groups—including those that ultimately take positions adverse to its interests. For example, Amazon has a long partnership with MIT, where Parag Pathak, Plaintiffs' testifying expert, teaches.[5] Amazon publicly discloses the recipients of more than $10,000 in public-policy funds.[6] In the rare instances in which Amazon sponsors research or articles, Amazon's practice is to require the author to disclose that funding, consistent with industry standards.[7] These common business practices are a feature and serve laudable public purposes. Notably, Plaintiffs' counsel themselves spend lavishly on lobbying[8] and endow universities.[9]

### B. Amazon has not exerted undue influence on cited scholars.

Plaintiffs accuse Amazon's economic expert, Professor Lorin Hitt, of relying on a handful of sources "influenced" by Amazon. Wrong.

Plaintiffs first complain about Prof. Hitt's citation to two eminent antitrust scholars, Prof. Herbert Hovenkamp and Prof. Carl Shapiro. Mot. 7–8. Prof. Hovenkamp is a celebrated professor at Penn Carey Law School, whose treatise with Philip Areeda has been foundational to antitrust jurisprudence for decades. *De Coster*, Dkt. 317 at 10. Prof. Shapiro, of U.C. Berkeley Haas School

---

[4] *See, e.g.*, AEA Disclosure Policy, https://www.aeaweb.org/journals/policies/disclosure-policy (papers must disclose "financial support," "any paid or unpaid positions as officer, director, or board member," as well as any "right to review"); The RAND Journal of Economics, Author Guidelines, https://onlinelibrary.wiley.com/page/journal/17562171/homepage/forauthors.html (authors must disclose certain "financial arrangements").

[5] Parag Pathak, https://economics.mit.edu/people/faculty/parag-pathak. For Amazon's recent projects with MIT, *see* https://www.amazon.science/tag/mit.

[6] Amazon.com U.S. Political Engagement Policy and Statements Archive, AMAZON.COM, https://tinyurl.com/mu3w87ys.

[7] When Amazon retains economists for litigation or regulatory purposes, Amazon's retention is clear when presented to the regulators or court.

[8] *E.g.*, Open Secrets, https://www.opensecrets.org/federal-lobbying/clients/summary?cycle=2024&id=D000100182 (Keller Postman spent $250,000 on lobbying in 2024.).

[9] University of Washington Report of Contributions, January 2006, at 6, https://www.washington.edu/regents/meetings/meetings06/march/items/fin/f-1.pdf (Steve Berman's contributions to UW Law School).

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of Business, is the former Deputy Assistant Attorney General for Economics at DOJ Antitrust Division and sat on the President's Council of Economic Advisors.[10]

As Amazon has told Plaintiffs, Amazon has never retained, paid, or engaged Prof. Hovenkamp or Prof. Shapiro in any capacity. Ex. 32 at 2–3. Prof. Hovenkamp himself publicly refuted any such suggestion ***three times***. In 2021, he asserted that he has received "no payments" from any tech company since 2002, "no grants, and no paid board memberships."[11] On June 9, 2024, he again averred that he gets "no money" from "any single firm."[12] On April 29, 2025, he confirmed again: "I know a bit about Amazon thru academic writing. But no $."[13] Plaintiffs' exhibits describing Profs. Hovenkamp and Shapiro as "allies," *e.g.*, Ex. 2, are bereft of any suggestion that "allyship" is premised on anything other than the scholars' independently held views. *Id.*; *see also* Ex. 13, 25, 26.[14] Their autonomy is obvious from the cited documents: In one, Amazon's attorneys "weren't sure" about Prof. Hovenkamp's willingness to write in response to critics of Amazon's acquisition of Whole Foods, Ex. 15, and he gave press quotes that Amazon counsel considered "sideways." Ex. 29.

Prof. Hitt cites Prof. Hovenkamp's *eMarkets* article, as well as Prof. Shapiro's *Handbook of Law and Economics* and a law-review article. *De Coster*, Dkt. 295-02 ("Hitt Rpt.") at nn. 750, 780, 810, 833–35. A review of these citations—appearing in six of the Hitt Report's 1,508 footnotes—reveals that Prof. Hitt relies on these scholars for widely accepted principles of antitrust economics. *Id.* None of Plaintiffs' Exhibits concern these sources.

Plaintiffs also claim that Amazon "co-authored" a piece by Andrei Haigu of Boston University, published in the RAND Journal of Economics. Mot. 7 (citing Hitt Rpt. at 165 & nn. 329–30). Their (triple-hearsay) source shows nothing more than normal intellectual engagement:

---

[10] Carl Shapiro, https://faculty.haas.berkeley.edu/shapiro/.
[11] Herbert Hovenkamp (@Sherman1890), https://x.com/Sherman1890/status/1455986993498783750
[12] *Id.* https://x.com/Sherman1890/status/1799944448757096699.
[13] *Id.* https://x.com/Sherman1890/status/1917289774613659696.
[14] Plaintiffs make much of a single paragraph, copied and pasted into two 2018 documents, listing Profs. Hovenkamp and Shapiro in a series of seven individuals who have "authored rebuttals of our critics *or* spoken to the media at our request." Ex. 14, 22. All this paragraph suggests is that they disagreed with Amazon's critics in their independent judgment and favored "a more fact-based debate."

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"after a careful reading," Amazon's economist told Prof. Haigu that one of his draft paper's assumptions was unrealistic. Ex. 19. This is a normal part of the academic process. Regardless, this citation is again of minimal importance; in the single paragraph in which he cites Prof. Haigu, Prof. Hitt also cites multiple other papers for the same proposition. Hitt Rpt. at nn. 329–330.

Finally, Plaintiffs complain about Prof. Hitt's citation of a ***textbook*** co-authored by Ali Hortaçsu, an economist at the University of Chicago, for basic principles of economic modeling. Mot. 7–8. There is no suggestion that this textbook was at all influenced by Amazon. All Plaintiffs note is that Prof. Hortaçsu is an Amazon research consultant, a fact that is listed on Prof. Hortaçsu's public CV.[15] In any event, Prof. Hitt relies on this source, alongside numerous others, for basic propositions. Hitt Rpt. at nn. 492, 500. Plaintiffs' own expert, Prof. Parag Pathak, also cites this textbook from Hortaçsu. *De Coster*, Dkt. 307-01, Pathak Reply Rpt. at n.252.

The other individuals listed in Plaintiffs' Requests, and the vast majority of the trade groups and parties that Plaintiffs describe, Mot. 2–8, were not cited by Amazon's experts ***at all***, and they largely concern issues irrelevant to this case. Ex. 2, 15, 18, 19, 24, 25.

### III.    LEGAL STANDARD

Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On a motion to compel discovery, the movant bears the initial burden of establishing relevance." *Becker v. TIG Ins. Co.*, 2022 WL 13925733, at *3 (W.D. Wash. Oct. 24, 2022) (Chun, J.). "Overly broad interrogatories are an abuse of the discovery process." *Id.* at *2. It is unnecessary for the Court to rewrite overbroad interrogatories; instead, the proper remedy is to "deny the request to compel." *Id.*

Disclosure of materials that "reveal" a company's "goals in lobbying" and "coordinating with interested members of the public" can burden First Amendment-protected activity. *Toering v. EAN Holdings LLC*, 2016 WL 11626756, at *3 (W.D. Wash. July 22, 2016); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159–62 (9th Cir. 2010). The party seeking disclosure must therefore show "that the information is rationally related to a compelling interest and that

---

[15] Ali Hortaçsu CV, https://tinyurl.com/mw9fcr6w, p. 11.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

disclosure is the least restrictive means of obtaining the information." *Toering*, 2016 WL 11626756, at *3 (citing *Perry*, 591 F.3d at 1161).

### IV. ARGUMENT

#### A. The Requests seek irrelevant information.

None of Plaintiffs' legal claims in this case challenge Amazon's contacts with intellectuals, public-relations efforts, or donations to universities, nor are such activities alleged to be unlawful. Thus, engagement with the media, Mot. 2–3, or academics, Mot. 4–5, is categorically irrelevant absent some additional hook.[16] This is why courts routinely deny fishing expeditions into public relations and lobbying activities. *E.g.*, *Yohn v. California Tchrs. Ass'n*, 2017 WL 11635459, at *3 (C.D. Cal. 2017) (Public relations strategies "do not appear to bear directly on any of the issues presented by this case."); *Apple Inc. v. Match Grp., Inc.*, 2021 WL 3727067, at *3 (N.D. Cal. 2021) (Lobbying activities "are not relevant to class certification or the merits."); *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 214 (D.D.C. 2006) ("public relations and advertising documents would provide no insight" into issues in dispute); *Harris v. comScore, Inc.*, 2012 WL 686709, at *6 (N.D. Ill. 2012) (rejecting discovery into PR response).

In *Wyatt B.*, for example, the District of Oregon granted a protective order against a request seeking "media announcements, press releases, publication and/or dissemination" of an expert report related to deficiencies in Oregon's foster-care system, because "media or public relations strategy would not assist the Court in resolving the issues before it" and "is, frankly, a waste of time for all concerned." 2024 WL 1574471, at *4. And in *Waters v. Drake*, 2015 WL 8281858, at *3 (S.D. Ohio 2015), the court denied discovery into a university's communications with media consultants because they did "not even remotely address" the facts in dispute. So too here.

---

[16] Plaintiffs say that Amazon's statements to third parties are "party admissions," Mot. 8, but Amazon is already producing statements by agreed-upon custodians to third parties that relate to the subject matter of this case. Plaintiffs do not argue that their voluminous document requests are insufficient to cover these sorts of materials. In any event, those "admissions" are plainly not what the Requests are seeking.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Materials relating to Amazon's engagement with the press or public opinion have nothing to do with whether Amazon unlawfully monopolized any relevant market.

It is also irrelevant to explore Amazon's relationships with, and supposed bias of, individuals who will not testify either as a fact or an expert witness. *United States v. Schwieger*, 2001 WL 649826, at *4 (S.D.N.Y. June 12, 2001) (non-witness's credibility irrelevant). This is one reason why the Federal Rules do not permit discovery into communications with non-testifying experts. *See* Fed. R. Civ. P. 26(b)(4)(D) ("Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert" who "is not expected to be called as a witness for trial."); *Frame-Wilson*, Dkt. 121, ¶ 6 ("no discovery or disclosure with respect to non-testifying experts").[17] None of the individuals about whom Plaintiffs have inquired are expected to testify. Ex. 1, Amazon R&Os to ROG Nos. 10, 11. Absent any indication that these individuals may appear before a factfinder, any supposed "bias" is irrelevant.

### B. Amazon has already offered to disclose funding that might call into question the partiality of an academic source on which it relies—which is all Plaintiffs' authorities suggest is discoverable.

A handful of out-of-circuit cases have identified a narrow exception to these principles. Amazon has already provided (and will continue to provide) disclosure of the information these cases contemplate: Funding for third-party studies that may feature prominently at trial.

Plaintiffs' cases suggest that, when a particular third-party author or an academic has a "strong presence in the courtroom," it may be appropriate to inquire into whether a party funded that material, because funding might affect "the reliability of the authoritative materials upon which the parties place such great reliance." *In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp. 2d 761, 764–65 (N.D. Ohio 2008). In *Welding Fume*, the parties "shined their brightest spotlights" on specific "scientific, medical, and epidemiological evidence" throughout the proceedings. *Id.* at 764. In a "'very real way," therefore, the authors of the studies provided "virtual testimony through repeated quotation and citation by the parties' experts." *Id.* at 764–65. Under those rare

---

[17] Plaintiffs misleadingly omit that the parties' stipulation contains an exception only for experts who are <u>also fact witnesses</u>. *Compare id.* with Mot. 11. None of the identified academics are expected fact witnesses.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

circumstances, the court found it appropriate for both parties to disclose the payments that they made to the authors of the studies offered in evidence. *Id.* at 762.[18] That is the limited premise for which Plaintiffs' cases stand. *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2014 WL 505234, at *10 (S.D.W. Va. Feb. 5, 2014) (introduced literature at trial could make "evidence of payments to the authors of those studies" relevant to "show bias"); *Byers v. Lincoln Elec. Co.*, 2008 WL 4849339, at *5 (N.D. Ohio Nov. 6, 2008) (allowing introduction of payments to authors "specifically referred to" by counsel or a literature-review witness); *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2005 WL 6429128, at *1 (D.N.J. Aug. 3, 2005) (compelling information about monies paid to authors of a critical report).[19]

Plaintiffs also cite two short, unpublished orders—which cite no authority—in *Oracle v. Google*.[20] There, Judge Alsup ordered both parties in a patent case to disclose whether commentators or journalists discussing that specific litigation were "paid" or "retained" by a party. Mot. 9; Ex. 28. In the thirteen years since their release, those orders have never been followed or cited by *any* court. Nonetheless, again, those orders only require disclosure of direct payment to commentators writing about *Oracle v. Google*—not the underlying case's ideas. *Id.*

Amazon has already provided disclosures within the reasonable limits contemplated by these cases. Amazon's disclosure of funding for any article, study or treatise cited in its experts' reports or briefs is more than sufficient to uncover any "bias" in material cited to the Court. Ex. 20.[21] Plaintiffs' cases do not support freewheeling inquiry into "influence" or disclosure of routine communications with reporters or academics, especially for materials that will never be quoted or cited. The Federal Rules do "not entitle plaintiff to engage in an unwieldy, burdensome and

---

[18] *Jowers v. BOC Grp., Inc.*, 608 F. Supp. 2d 724, 764 (S.D. Miss. 2009), which Plaintiffs cite, Mot. 8., was vacated. 617 F.3d 346 (5th Cir. 2010). The cited footnote does not discuss discoverability of the information Plaintiffs seek.
[19] In *Schneider v. Revici*, Mot. 10, the court held that a treatise <u>authored by the defendant</u> was properly excluded at trial. 817 F.2d 987, 991 (2d Cir. 1987). It has no bearing on this dispute.
[20] Mot. 9 (citing *Oracle Am., Inc. v. Google Inc.*, 2012 WL 3561366, at *1 (N.D. Cal. Aug. 20, 2012) and Dkt. 1229, No. 10-cv-03561 (N.D. Cal.))
[21] As Amazon already disclosed to Plaintiffs, a single article cited in footnote 330 of the Hitt Report discloses <u>on its face</u> that Amazon provided funding for research but "did not edit any part of this document, suggest results, or share data." Campos Vázquez *et al.*, "Amazon's Effect on Prices: The Case of Mexico" (2022), https://cee.colmex.mx/dts/2022/DT-2022-2.pdf.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

speculative fishing expedition" based on "nothing more than plaintiff's speculation that there could be some *there* there." *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3516490, at *2 (S.D. Cal. Aug. 10, 2021) (emphasis in original); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (refusing to "condone the use of discovery to engage in fishing expeditions" based on speculation).

### C. The Requests are vastly overbroad.

The Requests are untethered to the only theory of relevance their cases support. They are overbroad, and thus an "abuse of the discovery process," *Becker*, 2022 WL 13925733, at *3, in at least five interlocking ways:

**The Requests demand information about "communications," not just funding.** For example, Interrogatory 9 asks Amazon to "identify" any "Publication," defined to include "articles, editorials, blogs, or law review articles," for which Amazon or its "Agents," including "attorneys" and "public relations firms,"[22] provided "comments" or "information on background" on a host of topics. Ex. 1 at 8–9; *see also id.* at 10, 16 (ROG Nos. 10, 13) (demanding information about communications with individuals or about publications). These astounding Requests would encompass interactions where any one of Amazon's more than one *million* current or former employees, PR firms, or lawyers was merely called by a reporter for comment—which occurs for essentially every article about Amazon—or supplied views that may have been ignored. The simple fact that Amazon provided background to a reporter, or pointed out a factual error in an academic's paper, has no bearing on that publication's reliability—the sole basis for relevance that Plaintiffs' cases identify. *Supra* IV.B; *cf. Marchlewicz v. Bros. Xpress, Inc.*, 2021 WL 397398, at *2 (W.D. Tex. Feb. 4, 2021) (ordinary-course communications between party's attorney and non-retained expert did not show expert's bias); *Cooper v. Rezutko*, 2019 WL 927095, at *6 (N.D. Ind. Feb. 26, 2019) (no evidence of "conspiracy" where documents "simply reflect a reporter doing what a reporter does"); *Wright v. Fred Hutchinson Cancer Rsch. Ctr.*, 206 F.R.D. 679, 681 (W.D. Wash. 2002) (not "surprising" that reporter communicated with "a potential source").

---

[22] Ex. 33, at 2, "Definitions."

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**The Requests demand information about publications that will never be offered into evidence or relied on by an expert.** For example, Interrogatory 13 asks Amazon to identify all "Persons" with whom Amazon or its Agents have "communicated since 2014" regarding Publications that "did *or potentially would*" express certain opinions, regardless of what the final piece actually said, or whether it was published. Ex. 1 at 16. Interrogatory 8 demands information about funding "both published *and unpublished* manuscripts." *Id.* at 6. Interrogatories 10 and 11 ask about four individuals who were not cited by Amazon's experts. *Id.* at 10, 12. There is no basis to explore Amazon's broad interactions with academics, journalists, or others whose bias, or lack thereof, was never expressed at all, and whose work will not be cited in these cases.

**The Requests encompass irrelevant topics.** The Requests seek information about third parties who "do work" on, or pieces "related to," "competition, market definition, retail markets, online markets, markets for marketplace services," and "Amazon's specific business practices." *E.g.,* Ex. 1 at 6–7, 14 (ROG Nos. 8, 12). These topics encompass irrelevant antitrust-related issues, like mergers. And "retail" and "online markets" encompass all topics related to the Amazon.com store, regardless of their relevance, such as Prime Day. *Id.*

**The Requests demand information about "indirect" funding that has no potential for bias.** Interrogatories 8 and 12 ask that Amazon "identify" every "third party" to which Amazon donates that "do work" on the overbroad topics listed above. Ex. 1 at 6–7, 14. Interrogatory 11 demands that Amazon identify the amount of money paid "directly or indirectly (including through financial contributions to institutions they work for or have a professional relationship with, such as a board seat)" to six individuals. *Id.* at 12. Indirect funding is not tethered to potential bias. Without any suggestion that an author knew that their employer received a donation, there is no basis to conclude that such indirect funding could lead to bias. *Cf. United States ex rel. Porges Elec. Grp., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 2021 WL 1395767, at *18 (D. Guam Apr. 13, 2021) ("an average person would not be prejudiced by facts of which he or she is unaware").

**The RFPs compound the undue burden.** Plaintiffs do not simply seek information; they also demand that Amazon produce "documents relating to" its answers. Ex. 1 at 18–27 (RFP Nos.

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

105–10). To comply, Amazon would have to identify every employee, both current and former, who had any communication with any third party about the identified topics, make them a custodian, and search their emails from 2014 to the present.[23] Amazon has more than a million employees today, and many more former employees. Contrary to Plaintiffs' contention, Mot. 10, the undue burden and expense of running these searches is obvious. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (overbroad requests seeking "irrelevant information" are "unduly intrusive and burdensome"); *BofI*, 2021 WL 3516490, at *3 ("wide-ranging requests" that would require interviewing "dozens (if not hundreds) of current and former bank employees" based on "nothing more than plaintiff's speculation" improper).

### D. Plaintiffs' Requests would have a chilling effect on constitutionally protected speech and unfettered academic inquiry.

Granting this motion would have untold consequences for any company, government agency, university, and non-profit that has an advocacy or PR function, and for their counsel and consultants. The Requests, in essence, demand revelation of reporters' sources. Requiring disclosure of not just funding paid, but also communications between, companies and the researchers or journalists who write about them would unconstitutionally impinge on both their and Amazon's First Amendment protected speech and associational activity. *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) (Litigants may assert that a law "may cause others not before the court to refrain from constitutionally protected speech or expression.").

In *Perry v. Schwarzenegger*, the Ninth Circuit had "little difficulty" reversing an order compelling disclosure of internal campaign communications, finding it "self-evident" that disclosure would deter exercise of First Amendment rights and mute "the exchange of ideas." 591 F.3d at 1159–63; *see also Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2384–85 (2021) (demanding "exacting scrutiny" of efforts to obtain "compelled disclosure of affiliation with groups engaged in advocacy"). Subjecting documents and communications to discovery

---

[23] Without any showing that the members of the Antitrust Working Group who are not already custodians—and who are largely PR professionals and lawyers—have relevant or discoverable information, it is not necessary or proportionate to add them as custodians. Mot. 2; Fed. R. Civ. P. 26(b)(1).

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

every time a reporter or academic discusses a publication with a party—so that private litigants could then accuse the author of bias—"would have the practical effect of discouraging" associational rights. *Perry*, 591 F.3d at 1148. Plaintiffs must therefore show that the "information sought is highly relevant to the claims or defenses in the litigation—a more demanding standard of relevance" than Rule 26. *Id.* at 1161. Plaintiffs cannot show relevance under Rule 26, much less under this more exacting standard.

## V.    CONCLUSION

The Court should deny Plaintiffs' Motion.

DATED this 18th day of July, 2025.

DAVIS WRIGHT TREMAINE LLP

By: */s/ John A. Goldmark*
    John A. Goldmark, WSBA #40980
    MaryAnn Almeida, WSBA #49086
    Emily Parsons, WSBA #57061
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Email: JohnGoldmark@dwt.com
    Email: MaryAnnAlmeida@dwt.com
    Email: EmilyParsons@dwt.com

DUNN ISAACSON RHEE LLP

By: */s/ Karen L. Dunn*
    Karen L. Dunn (pro hac vice)
    William A. Isaacson (pro hac vice)
    Amy J. Mauser (pro hac vice)
    Kyle Smith (pro hac vice)
    401 Ninth Street, NW
    Washington, DC 20004-2637
    Telephone: (202) 240-2900
    Email: kdunn@dirllp.com
    Email: wisaacson@dirllp.com
    Email: amauser@dirllp.com
    Email: ksmith@dirllp.com

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Meredith Dearborn
345 California Street, Suite 600
San Francisco, CA 94104-2671
Email: mdearborn@dirllp.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.*

OPPOSITION TO MOTION TO COMPEL
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC, 2:22-cv-00965-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax