# Exhibit D
# (Redacted)

The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, et al.,<br><br>                            Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                            Defendant. | No. 2:20-cv-00424-JHC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL AMAZON TO PRODUCE DOCUMENTS AND INFORMATION RESPONSIVE TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION AND FOURTH SET OF INTERROGATORIES**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 24, 2025<br><br>**FILED UNDER SEAL** |
| ELIZABETH DE COSTER, et al.,<br><br>                            Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                            Defendant. | No. 2:21-cv-00693-JHC |
| CHRISTOPHER BROWN, et al.,<br><br>                            Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                            Defendant. | No. 2:22-cv-00965-JHC |

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Amazon's First Amendment objection is inapplicable, insufficient, and waived. ..................................................................................................................1

    B. Plaintiffs satisfy the required relevance showing. ....................................................2

    C. The Requests are not overbroad, and the burden is not undue. ...............................5

III. CONCLUSION ......................................................................................................................6



## I. INTRODUCTION

Plaintiffs' Motion should be granted. *First*, Plaintiffs need not meet a "heightened relevance" standard. Disclosing Amazon's secret cultivation of scholarship to advance its litigation defenses does not risk chilling First Amendment "associational rights," which Amazon does not even attempt to demonstrate. *Second*, Plaintiffs seek relevant evidence. What Amazon describes as mundane PR was a hidden campaign to escape antitrust liability. Amazon has already cited some of the influenced publications here, and there can be no dispute that Amazon's communications with those it sought to influence on issues at the heart of this dispute are relevant. *See* Mot. 2-3. *Finally*, Amazon has presented no evidence that collecting and producing information from the *handful* of Amazon teams responsible for the conduct that Plaintiffs identified would be unduly burdensome. Mot. 2-6; Opp. 9.

## II. ARGUMENT

**A.    Amazon's First Amendment objection is inapplicable, insufficient, and waived.**

Under *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010), and *Toering v. EAN Holdings LLC*, 2016 WL 11626756, *2 (W.D. Wash. July 22, 2016), cited by Amazon (Opp. 5, 11-12), Plaintiffs must meet a more demanding relevance standard *only if* Amazon first makes a substantial, *prima facie* showing that the disclosure of information sought will chill First Amendment associational rights. Amazon's self-serving commercial strategy[1] does not satisfy this burden. *Compare Perry*, 591 F.3d at 1158 (requiring internal *political* campaign strategy and messaging disclosure has a substantial "potential chilling effect on political participation and debate"); *Toering*, 2016 WL 11626756, at *3 (permitting discovery of lobbying, drafting legislation, and managing membership of nonparties involved in passing city ordinance "targets constitutionally protected activities"); *Cf. Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2388-89 (2021) (state regulation requiring disclosure of charities' donors could subject donors of

---

[1] Amazon raises that Plaintiffs' Counsel also engages in financial lobbying. But the fact that Amazon knows about these financial relationships underscores Plaintiffs' arguments: Our lobbying is fully public because financial relationships inherently raise doubts about neutrality and must therefore be disclosed. Yet Amazon seeks to hide from the Court its influence over scholars and other Amazon "allies" through undisclosed financial inducements.

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 1
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC



1  politically unpopular charity to public harassment and chill First Amendment right to solicit
2  charitable donations). But even if the Requests could be read to implicate association rights (which
3  they do not), Amazon fails to support its argument with declarations or other evidence required to
4  establish an unnecessary risk of chilling such rights. *Compare Perry*, 591 F.3d at 1163
5  (declarations from "several individuals attesting to the impact compelled disclosure would have
6  on participation and formulation of strategy"); *Toering*, 2016 WL 11626756, at *3 ("numerous
7  declarations" demonstrated the "chilling effect" that disclosure would have).

8      Moreover, Amazon's boilerplate objections are insufficient to assert the privilege.
9  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th
10 Cir. 2005); Fed. R. Civ. P. 26(b)(5)(A); *see generally* Ex. 1 (objecting that each Request sought
11 discovery protected by the attorney client privilege, the work-product doctrine, or "any other
12 constitutional, statutory, common law or regulatory protection, immunity, or proscription from
13 disclosure"). Because Amazon did not specifically assert a First Amendment objection, its
14 objection is waived and cannot be asserted for the first time in its Opposition. *Cf. Leonard v.*
15 *McMenamins Inc*., 2023 WL 8447918, at *6 (W.D. Wash. Dec. 6, 2023).

16 **B.    Plaintiffs satisfy the required relevance showing.**

17     Amazon dedicated significant resources and employee teams, including its Antitrust
18 Working Group ("AWG"), to influencing and generating publications of purportedly independent
19 scholars to support defenses Amazon asserts in these cases. Mot. at 2-7. Amazon's admissions
20 about core issues, its nonprivileged communications with third parties about its defenses, and
21 ensuing publications are relevant to core issues in the case and to bias. *Id*. at 8-10. This satisfies
22 the "minimal showing" required to demonstrate relevance. *FTC v. Amazon.com, Inc.*, 2024 WL
23 5238834, at *1 (W.D. Wash. Dec. 27, 2024).

24     Amazon's attempt to downplay the Requests as a "fishing expedition into public relations
25 and lobbying activities" (Opp. 6) is belied by Amazon's own documents, which reveal: (a)
26 concerns that its conduct violates antitrust laws and a behind-the-scenes strategy to create and
27 shape the authorities on which it could rely to try to avoid antitrust liability; (b) efforts by AWG
28

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 2
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  member ▮▮▮▮ to keep her substantive influence on economic papers secret for "obvious PR
2  reasons"; and (c) Amazon's reliance before this Court on "allies" and other scholars it influenced.
3  Mot. at 2-8. Despite evidence that ▮▮▮▮ and other AWG personnel from the legal, public
4  policy, or corporate communications departments have documents relevant to the core issues in
5  this case, Amazon has not searched their records, shown that their exclusion was reasonable, or
6  shown that a search responsive to the Requests would be unduly burdensome. Opp. 6 n.16 and 11
7  n.23.

8      The Court should reject Amazon's counterfactual spin on Plaintiffs' Motion. Amazon does
9  not merely fact-check newspaper articles and respond to academics who reach out about their
10 work; it seeks to influence the debate in a way that cannot be traced back to Amazon. *E.g.*, Ex.
11 19.[2] If this was routine as Amazon claims, Amazon would not try to hide its communications with
12 third parties under fake requests for legal advice. Mot. 4-5. Amazon does not even address, let
13 alone deny, this practice in its Opposition.[3] And while it seeks to downplay the importance of the
14 scholars Hitt cited in his report, Amazon has never denied communicating with them and other
15 scholars about issues and publications responsive to Plaintiffs' Requests, such as Hovenkamp's
16 *eMarkets* article—which Amazon cited without revealing its relationship with Hovenkamp.
17 Similar practices by Google, which Amazon emulated (Ex. 6), resulted in the disclosure required
18 by Judge Alsup and should be ordered here.

19     Amazon's cases are distinguishable. Unlike here, *Yohn v. Cal. Tchrs. Ass'n*, 2017 WL
20 11635459, at *3 (C.D. Cal. Oct. 3, 2017),[4] *Waters v. Drake*, 2015 WL 8281858, at *3 (S.D. Ohio
21 Dec. 8, 2015), and *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 214
22 (D.D.C. 2006), involved documents that were not relevant to elements of plaintiffs' claims. *Harris*

---

[2] Amazon attacks this evidence—an Amazon document containing statements of Amazon personnel and agents—as "triple hearsay" (Opp. at 4), but statements of an opposing party are non-hearsay. Fed. R. Evid. 801(d)(2).

[3] Amazon also does not assert as grounds for denying Plaintiffs' Motion (as it did in its Responses) that responsive discovery is in the possession, custody, or control of its Agents such as outside counsel.

[4] *Yohn* also involved a heightened relevance standard which Plaintiffs need not meet here.

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 3
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  *v. comScore, Inc.*, 2012 WL 686709, at *6 (N.D. Ill. Mar. 2, 2012), held that a public relations
2  response was not relevant to whether the proposed class should be certified in a case that bifurcated
3  class and merits discovery. The disallowed expert discovery in *Wyatt B. v. Kotek*, 2024 WL
4  1574471, at *4 (D. Or. Apr. 11, 2024), concerned irrelevant press releases surrounding the expert's
5  report. And *Apple Inc. v. Match Grp., Inc.*, 2021 WL 3727067, at *3 (N.D. Cal. Aug. 19, 2021),
6  concerned discovery regarding the lobbying activity of a nonparty. None of Amazon's cases
7  concerned a party's systematic effort to concoct literature it could cite in its defense.

8        Amazon's attacks on Plaintiffs' cases fail. Amazon claims *Oracle* only required disclosure
9  of direct payments to commentators writing about the case, not the underlying case's ideas. Opp.
10 8. But Judge Alsup required disclosure of *any* financial relationship, not just direct payments, to
11 commentators writing about *any issues* in the case, not just the case itself. Ex. 28; *Oracle Am., Inc.*
12 *v. Google Inc.*, 2012 WL 3561366, at *1 (N.D. Cal. Aug. 20, 2012). Plaintiffs' authorities include
13 *Oracle* and are thus not limited to "courts outside of this Circuit," as Amazon claims. Opp. 1.
14 Amazon also asserts that Plaintiffs' cases only support the narrow disclosure Amazon has agreed
15 to make. Again, not so. *Oracle*, *In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp. 2d 761, 762
16 (N.D. Ohio 2008), and *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2005 WL 6429128, at *1-
17 2 (D.N.J. Aug. 2, 2005), required disclosure of any payments to study authors, not just funding for
18 the specific study or article cited. *See also In re Zofran (Ondansetron) Prods. Liab. Litig.*, 392 F.
19 Supp. 3d 179, 185-86 (D. Mass. 2019) (permitting discovery on a party's surreptitious influence,
20 financial or otherwise, by requiring disclosure whenever a party engaged a non-testifying expert,
21 paid "for that individual to conduct and publish a study, *or otherwise affect[ed] or influence[ed]*
22 *the study*," and then had its testifying expert rely on the study) (emphasis added).

23       Finally, contrary to Amazon's assertion (Opp. 7), the bias of non-testifying scholars is
24 relevant and necessary for the Court to properly assess the credibility of and weight to give their
25 work in future expert reports, summary judgment briefing, or during trial. Mot. 8-9. Moreover,
26 Amazon's non-privileged internal communications and admissions on the core issues in this case
27 are themselves relevant, independent of bias.

28

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 4
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

C.   **The Requests are not overbroad, and the burden is not undue.**

**Communications:** Amazon tracked the responsive communications with third parties, minimizing any burden in responding to Plaintiffs' Requests. *See, e.g.*, Exs. 14 and 18. The Requests are proportionate because Amazon did not merely provide background or identify factual errors, as Amazon maintains.[5] Opp. 9. Amazon asked allies like Hovenkamp to echo its talking points, "punch back" against critics, and "push back" against the "Lina Khan antitrust argument" and to generate economic research and public messaging regarding the anti-discounting policy Plaintiffs challenge. Mot. 3, 4, 7.

**Publications not offered into evidence or cited by an expert:** Limiting discovery to those scholars or publications currently cited by Amazon cannot properly define the outer bounds of relevance or burden. Amazon's proposed limitations do not address reasonable discovery into core issues in this case, including Amazon's knowledge (relevant to intent) that its practices likely violate antitrust laws. They also do not address any additional authorities Amazon or its experts may cite in the future, *e.g.*, at summary judgment and trial, that were influenced in any way by Amazon.

**Purportedly irrelevant topics:** In response to Amazon's objection that "Amazon's specific business practices" was vague, Plaintiffs narrowed it to mean "Amazon's specific business practices that Plaintiffs challenge in the complaints or Amazon uses to support any of its defenses in these actions."[6] Plaintiffs offered to meet and confer on other terms (in connection with Amazon's vagueness objection, which it does not assert in its Opposition) if Amazon would agree to produce responsive discovery. *Id*. Amazon refused to produce documents or disclose anything other than publications cited by Amazon or its experts that Amazon directly funded, obviating that conversation. Regardless, the other topics Amazon lists, "competition, market definition, retail markets, online markets, markets for marketplace services," are undoubtedly relevant. Ex. 1 6-7.

---

[5] The cases Amazon cites on page 9, two of which are Rule 45 cases, are thus inapplicable. Plaintiffs do not argue that the mere fact that Amazon had communications with reporters shows bias.

[6] Ex. 35 to the Declaration of Steve Berman in Support of Reply, Plaintiffs' May 22, 2025 letter to Amazon's counsel at 7.

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 5
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**Indirect funding:** Amazon argues, without authority, that indirect funding is purportedly "not tethered to potential bias." Opp. 10. The cases Plaintiffs cite requiring disclosure of indirect payments (Mot. 9) hold otherwise.[7]

**Requests for Production:** Amazon's conclusory assertion regarding the "obvious" burden imposed by the Requests (Opp. 11) does not meet its burden of "clarifying, explaining, and supporting its objections with competent evidence." *See FTC*, 2024 WL 5238834, at *1.[8] Amazon does not offer a declaration showing (or even explain) why it would be unduly burdensome to interview and search and produce files from the relevant individuals and business teams identified in Plaintiffs' Motion as tasked with the strategy and communications at issue and their agents. Mot. 2-6. Having failed to demonstrate undue burden, Amazon must produce the requested documents and information.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion be granted.

---

[7] *United States ex rel. Porges Elec. Grp., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 2021 WL 1395767, at *18 (D. Guam Apr. 13, 2021), Opp. at 10, concerns the inapplicable implied juror bias standard.

[8] Amazon's cases are inapplicable. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. Feb. 18, 2016), concerned discovery of nonparties in a foreign tribunal case. And in *In re Bofl Holding, Inc. Sec. Litig.*, 2021 WL 3516490 (S.D. Cal. Aug. 10, 2021), unlike here, plaintiffs sought voluminous discovery based on speculation.

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 6
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

*I certify that this brief contains 2,096 words, in compliance with LCR 7(e)(4)*

DATED: July 24, 2025          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Barbara A. Mahoney*
    Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
E-mail: steve@hbsslaw.com
    barbaram@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean Street, Suite 24
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Jessica Beringer (*pro hac vice*)
Alex Dravillas (*pro hac vice*)
Shane Kelly (*pro hac vice*)
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
E-mail: Jessica.Beringer@kellerpostman.com
    ajd@kellerpostman.com
    shane.kelly@kellerpostman.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 7
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC



QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alicia Cobb*
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
Elle Mahdavi (*pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
       davidleray@quinnemanuel.com
       nicolassiebert@quinnemanuel.com
       maxmeadows@quinnemanuel.com
       ellemahdavi@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the proposed Class*



# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF under seal, and sent via email to counsel of record.

                                           */s/ Steve W. Berman*
                                              Steve W. Berman

PLTFS' REPLY ISO MOT. TO COMPEL
RE 7TH SET OF RFPS & 4TH SET OF ROGS - 9
Case Nos. 2:21-cv-00693-JHC, 2:20-cv-00424-JHC, 2:22-cv-00965-JHC



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX