The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:21-cv-00693-JHC <br><br> **AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S AUGUST 27, 2025 AND SEPTEMBER 2, 2025 ORDERS ON THE LEGAL STANDARDS APPLICABLE TO CLAW BACK ATTEMPTS** |
| DEBORAH FRAME-WILSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:22-cv-00965-JHC |

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE SPECIAL MASTER'S ORDERS
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

Plaintiffs astonishingly ask this Court to overturn two discovery rulings that Special Master Laporte issued <u>after conferring with this Court</u>. These rulings correctly apply the Court's own previous orders, preserving privilege only in narrow circumstances and ordering disclosure in others. Plaintiffs' objections should be overruled for three independent reasons[1]:

***First***, the Special Master correctly ruled that Rule 502(d) applies to documents that did not undergo a separate privilege review in the above-captioned cases ("Private Cases"). Dkt. 428-01 at 2–3.[2]

***Second***, the Special Master correctly rejected a "bright line rule" against privilege clawbacks, concluding that a document's "obviously privileged" nature can demonstrate that its production was a mistake under Rule 502(b). *Id.* at 2.

***Third***, the Special Master's September Order applied this standard conservatively and in conformity with this Court's prior privilege rulings, preserving privilege only for discrete, obviously privileged portions of documents, while denying most of Amazon's clawback requests. Dkt. 428-06 at 5–6.

## II.   BACKGROUND

Plaintiffs are receiving documents re-produced to them from other matters, including *FTC v. Amazon*, No. 2:23-cv-01495-JHC (W.D. Wash.) ("FTC") and *People of California v. Amazon*, No. CGC-22-601826 (Cal. Super. Ct.) ("CAAG"). Amazon prioritized "flipping" these productions (i.e. copied the underlying productions and produced) as quickly as possible, and Amazon did not re-review these documents for privilege before production to Plaintiffs. The privilege re-review that Amazon conducted in late 2024 and early 2025 did not encompass all of these "flipped" documents. *See* Dkt. 302 at 3.

---

[1] Plaintiffs' objections are also procedurally improper because Plaintiffs filed unilateral objections instead of the required expedited joint motion under Local Rule 37 as set forth in the Special Master's Appointment Order. *De Coster*, Dkt. 381 at 6 ("Appointment Order").

[2] Docket citations reference filings in *De Coster*, Case No. 2:21-cv-00693-JHC, unless otherwise noted.

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDERS (2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

Before the Special Master's appointment on July 7, 2025, this Court made several rulings related to clawbacks. On March 25, 2025, the Court held that to show inadvertence under Rule 502(b), a disclosure must be a genuine mistake, not an intentional act. *See* Dkt. 302 at 8–9. On April 29, 2025, the Court held that while Rule 502(b) generally applies to clawbacks in the Private Cases, documents produced "without prior privilege review" are an exception. Dkt. 329 at 5–6. The Court found that the Amended Protective Order in the Private Cases, which invokes Rule 502(b), "applies to documents that the producing party reviewed for privilege," whereas the ESI Protocol's 502(d) provision in the Private Cases applies if there was no privilege review. *Id.* The Court's July 17, 2025 Order then confirmed that the Protective Orders and ESI Protocols for the Private Cases govern documents produced in those cases, regardless of the documents' origin. *See* Dkt. 389 at 2.

After receiving briefs from both parties on the standard for clawbacks, the Special Master issued her August 27, 2025 Order ("August Order"). Based on these Court's prior Orders, she ruled that if a document was re-reviewed in the Private Cases, Amazon must show inadvertence under Rule 502(b) to claw it back. Dkt. 428-01. at 2–3. However, if the document was never re-reviewed for the Private Cases, the 502(d) provision in the Private Cases applies, and no inadvertence showing is required. *Id.* In other words, she confirmed that this Court's April 29 order should be read as stating that the Amended Protective Order in the Private Cases, which invokes Rule 502(b), "applies to documents that the producing party reviewed for privilege [in the Private Cases]," whereas the ESI Protocol's 502(d) provision in the Private Cases applies if there was no privilege review in the Private Cases. Dkt. 329 at 5–6.

The Special Master also ruled that a document could be "so obviously privileged—and its disclosure so obviously harmful—that a mistake is the only plausible explanation for the production." Dkt. 428-01 at 2. Applying this standard to 34 documents in her September 2, 2025 Order ("September Order"), she found Amazon's declaration regarding the review process insufficient to establish inadvertence, but granted a clawback for certain portions of documents

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE SPECIAL MASTER'S ORDERS
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

that were "so obviously privileged" that inadvertence could be presumed. Dkt. 428-06 at 3–5. She denied the remaining clawbacks and allocated two-thirds of the costs to Amazon. *Id.* at 6 n.5. Plaintiffs filed the instant objections challenging the Special Master's reasoning.

## III.  STANDARD OF REVIEW

Plaintiffs are incorrect that the Court should review the order in question *de novo.* That standard of review applies to findings of fact and conclusions of law—not procedural matters. "Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(3)- – (5). The Appointment Order did not set a different standard.

Rulings on privilege clawbacks are procedural matters. *See* Fed. R. Evid. 502(a), (f) (providing that Rule 502 controls the scope of waiver); Fed. R. Evid. 502 advisory committee's note (explaining that Rule 502 governs waiver without affecting the substantive law of privilege); *In re Smith*, 397 B.R. 134, 140 (Bankr. D. Nev. 2008) (describing waiver as a "procedural issue"); *Parneros v. Barnes & Noble*, Inc., 332 F.R.D. 482, 504 (S.D.N.Y. 2019) (explaining that privilege waiver is a governed by Fed. R. Evid. 502); *Quintel Tech. Ltd. v. Huawei Tech., Inc.*, 2017 WL 11631811, at *2 (E.D. Tex. 2017) ("privilege waiver is merely procedural"); *Medicines Co. v. Mylan Inc.*, 936 F. Supp. 2d 894, 900 (N.D. Ill. 2013) (same). Judge Laporte's procedural order should be set aside only for abuse of discretion. Even if reviewed *de novo*, however, the rulings should still be upheld as they align with this Court's prior orders and Ninth Circuit precedent.

## IV.  ARGUMENT

### A. The Special Master Followed this Court's Prior Rulings in Limiting Rule 502(b)'s Inadvertence Requirement to Documents Re-Reviewed for Privilege in the Private Cases

Plaintiffs argue that Amazon must show inadvertence under Rule 502(b) for *any* document re-produced in the Private Cases, not just those that were reviewed for privilege in these Private Cases. Dkt. 424 at 3–5. The Special Master correctly held—under this Court's prior Orders, and after consulting with this Court—that the 502(b) provision of the Amended Protective Order in

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE SPECIAL MASTER'S ORDERS
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

*these* cases governs documents re-reviewed in *these* cases, while the 502(d) provision of the ESI Protocol applies to documents simply re-produced without any such re-review in these cases. *See* Dkt. 428-01 at 2–3.

Plaintiffs ignore the Court's April 29, 2025 Order and expand the scope of its July Order to address an issue that was not even before the Court. In its April 29, 2025 Order, the Court denied Amazon's motion to claw back three documents, holding that Amazon would have to provide evidence of inadvertence for those documents because they had been "produced during Amazon's months-long privilege re-review." Dkt. 329 at 6–7. The Court found that while the ESI Protocols in the Private Cases contain broad language that "production of any documents in this proceeding" shall not "constitute a waiver by the producing party of any privilege applicable to those documents," this provision only applies to documents produced "without prior privilege review." *Id.* at 5–7. The clear implication from this ruling is that documents re-reviewed for privilege in the Private Cases are subject to the 502(b) provision in the Amended Protective Orders, while those not re-reviewed fall under the ESI Protocols' 502(d) provision.

Contrary to what Plaintiffs claim, the July 17, 2025 Order did not overturn this holding. That Order addressed which case's Protective Order and ESI Protocol governs documents reproduced from the *FTC* and *CAAG* actions. Dkt. 389 at 2. The Court adopted Plaintiffs' argument that the ESI Protocols and Protective Orders entered in the Private Cases govern the Private Cases. *Id.* The Court never referenced the April Order or indicated that it no longer applied.[3]

Plaintiffs' argument that every document reproduced in the Private Cases requires a showing of inadvertence in the Private Cases based on review conducted in the *FTC* and *CAAG* actions contradicts their position that the ESI Protocols and Protective Orders for each case—including the provisions addressing document review—are limited to their respective cases. Dkt. 352 at 4; 11–14. Plaintiffs' position also contradicts their prior position that the 502(d) provision

---

[3] There is no inconsistency between the July and April Orders, but even if there were, the earlier order remains binding because the Court did not expressly overrule it. *See, e.g.*, *In re Lakeshore Vill. Resort, Ltd.*, 81 F.3d 103, 107 (9th Cir. 1996); *Caine v. Burge*, 897 F. Supp. 2d 714, 719 (N.D. Ill. 2012).

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDERS (2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

does apply when documents are produced in these cases "without prior privilege review," *Frame-Wilson*, Dkt. 286 at 5, and would render the 502(d) provision superfluous. If Plaintiffs could rely on Amazon's separate document review in <u>other</u> cases—governed by Protective Orders and ESI Protocols in those cases—to argue that these documents had undergone "prior privilege review," <u>no</u> document reproduced in the Private Cases would meet the standard for being produced "without prior privilege review."

### B. The "So Obviously Privileged" Standard Applied by the Special Master Was Consistent with This Court's Decision that Whether a Production Was Inadvertent Depends on Whether It Was a Mistake

The Special Master correctly ruled that the Court must determine whether a party's production of privileged documents was intentional or a "mistake" under Rule 502(b). Dkt. 428-01. at 2. Citing this Court's March 25, 2025 Order, she ruled that a document "could be so obviously privileged—and its disclosure so obviously harmful—that a mistake is the only plausible explanation for the production." *Id.* This "so obviously privileged" standard is a faithful and logical application of this Court's prior orders. Plaintiffs are wrong to describe this standard as an improper "judgment call". Dkt. 424 at 5. "Obviously privileged" documents are those so unmistakably privileged on their face and whose disclosure is so harmful that a mistake is the only possible explanation, leaving no room for a judgment call. This standard logically implements the Court's mandate to distinguish true mistakes from "judgment calls." *See* Dkt. 302 at 9. Plaintiffs cite no case law to support their position, which is contradicted by the cases the Special Master cited like *B&G Foods North America, Inc. v. Embry*, where the court found an inadvertent production after reviewing the documents themselves. 2024 WL 922900, at *2–3 (E.D. Cal. 2024), and *Datel Holdings Ltd. v. Microsoft Corp.*, which explained that the "inadvertence" requirement of Rule 502(b) was not designed to "turn on fine distinctions" in the nature of the mistake. 2011 WL 866993, at *3 (N.D. Cal. 2011). These cases show that courts assess inadvertence in a practical way.

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE SPECIAL MASTER'S ORDERS
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. The Special Master's September 2, 2025 Order Correctly Applied the Inadvertence Standard

Plaintiffs object to the Special Master's September Order, arguing for a blanket waiver of privilege on all 34 challenged documents. Dkt. 424 at 6–7. That is incorrect. The Special Master reviewed each document to see if it was "so obviously privileged" and its disclosure "so obviously harmful[ ]that a mistake is the only plausible explanation." Dkt. 428-06 at 3. She found this standard met by only a select few portions of documents that bore obvious indicia of privilege. Dkt. 428-06 at 5. She found the remaining redactions did not meet this stringent standard and ordered Amazon to remove these redactions. *Id.* at 5–6. Contrary to Plaintiffs' assertion, her rulings are not subjective "judgment calls" but a correct application of this Court's framework, which balances the need to protect against abuse of the clawback procedure with the need to protect a clearly mistaken disclosure.[4]

### V. CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' objections and uphold the Special Master's August 27, 2025 and September 2, 2025 Orders in their entirety.

---

[4] Plaintiffs' assertion that a declaration from the specific attorney who reviewed a document is necessary to prove inadvertence is incorrect. *See* Dkt. 424 at 7. As noted *supra*, there is no authority mandating a specific process or mechanism for demonstrating inadvertence—the Special Master was perfectly within her rights to find inadvertence based on the face of the documents.

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE SPECIAL MASTER'S ORDERS
(2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax

1    DATED this 26th day of September, 2025.

DAVIS WRIGHT TREMAINE LLP

By: */s/ John A. Goldmark*
    John A. Goldmark, WSBA #40980
    MaryAnn Almeida, WSBA #49086
    Emily Parsons, WSBA #57061
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Email: JohnGoldmark@dwt.com
    Email: MaryAnnAlmeida@dwt.com
    Email: EmilyParsons@dwt.com

DUNN ISAACSON RHEE LLP

By: */s/ Karen L. Dunn*
    Karen L. Dunn (pro hac vice)
    William A. Isaacson (pro hac vice)
    Amy J. Mauser (pro hac vice)
    Kyle Smith (pro hac vice)
    401 Ninth Street, NW
    Washington, DC 20004-2637
    Telephone: (202) 240-2900
    Email: kdunn@dirllp.com
    Email: wisaacson@dirllp.com
    Email: amauser@dirllp.com
    Email: ksmith@dirllp.com

    Meredith Dearborn
    345 California Street, Suite 600
    San Francisco, CA 94104-2671
    Email: mdearborn@dirllp.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum does not exceed six pages, in compliance with the Local Civil Rules and the Court's order.*

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDERS (2:21-cv-00693-JHC; 2:20-cv-00424-JHC; 2:22-cv-00965-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main · 206.757.7700 fax