# Exhibit 1

Hon. Elizabeth D. Laporte (Ret.)
JAMS
Two Embarcadero Center Suite 1500
San Francisco, CA 94111
Tel: 415-774-2606
Fax: 415-982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ELIZABETH COSTER, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:21-cv-00693-JHC |
| DEBORAH FRAME-WILSON, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:22-cv-00965-JHC<br><br>**Special Masters Order Re Clawback Standard**<br><br>**JAMS REFERENCE NO. 1100119226** |

SPECIAL MASTERS ORDER RE CLAWBACK STANDARD - 1

Please see attached JAMS Order and Proof of service regarding Clawback Standard.

Dated: ___09/12/2025___

_Elizabeth D. Laporte_
_____

Hon. Elizabeth D. Laporte
Special Master

SPECIAL MASTERS ORDER RE CLAWBACK STANDARD - 2

**JAMS REFERENCE NO. 1100119226**

FRAME-WILSON, *ET AL.*,

    *Plaintiffs*,

     v.

AMAZON.COM, INC.,

    *Defendants*.

**ORDER RE CLAWBACK STANDARD**

At the August 13, 2025 Preliminary Case Management Call, Amazon requested leave to provide additional briefing regarding the legal standards applicable to claw back attempts. The Special Master directed the parties to provide five-page supplemental briefs on this issue. On August 15, 2025, both parties filed their supplemental brief. Having reviewed the parties' submissions and consulted with Judge Chun, the Special Master rules as follows:

### A. Standard for Inadvertence under Rule 502(b)

Under the Court's orders, the question is whether Amazon "intended" the Documents to be produced or whether the production occurred as the result of a mistake. April 29 Order, 2025 WL 1237370, at *5 (quoting *T&W Holding Co., LLC*, 641 F. Supp. 3d at 382). If Amazon made a "conscious decision" to produce the Documents based on a "judgment call" about the applicability of the privilege, the production cannot be deemed inadvertent merely because Amazon now believes the judgment call was mistaken. March 25 Order, 2025 WL 904465, at *5; *accord Poertner v. Gillette Co.*, 2013 WL 12149369, at *4 (M.D. Fla. Mar. 12, 2013) (where document was reviewed multiple times by defendants' attorneys and not considered by them to be privileged, defendants could not establish inadvertence). To establish inadvertence, Amazon would need to show that a document was produced despite not having undergone a privilege review, or despite Amazon's determination that the document should be withheld (e.g., because the reviewer miscoded the document as not privileged despite correctly identifying it as privileged). *See Poertner*, 2013 WL 12149369, at *4 (to establish inadvertence, litigant would need to show that a document was "misfiled or mislabeled" or that it "eluded review despite reasonable procedures"). For example, in *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011), "although Defendant's team of lawyers carefully reviewed documents to identify privileged communications, a computer glitch truncated the documents, removing the portion conveying the request from counsel to conduct a factual investigation." *Id.* at *3. As a result of the glitch, the privileged portion of the email was never reviewed. *Id.* Similarly, in *B&G Foods N. Am., Inc. v. Embry*, 2024 WL 922900 (E.D. Cal. Mar. 4, 2024), the court found that an attorney had inadvertently produced a spreadsheet containing work product because the cover email indicated that the attorney intended to attach an entirely different document. *See id.* at *2–3.

1

Amazon argues that "the Court gave no indication that it was creating a bright line rule that a document can never be inadvertently produced if it is produced with redactions after re-review." Amazon Supp. Br. at 2; *see also id.* at 3 ("it is not appropriate" to read the Court's orders to "effectively create a *per se* rule that would prevent <u>any</u> claw backs in these cases where the reviewers simply made a mistake in coding or redacting a document.") (emphasis in original). The Special Master does not read the Court's orders to establish a "bright line rule" that a document that has been subject to re-review can never be clawed back. The Court's orders simply hold that Amazon must adduce specific facts showing that a particular document was produced by mistake. *See* March 25 Order, 2025 WL 904465, at *4. Generalized statements about the size and complexity of the review are not sufficient. But a declaration from an attorney who reviewed the document, stating that the attorney intended to label the document as privileged but mistakenly coded it as non-privileged, would likely suffice. *See San Bernardino Cnty. v. Ins. Co. Of State Of Pennsylvania*, 2022 WL 20582049, at *3 (C.D. Cal. Nov. 3, 2022) (inadvertence was established where attorney declared that he identified certain reports as privileged and requested that they be removed from the production, but his co-counsel "inadvertently used an early version of the proposed production which included the October 20, 2021 Report"). A declaration establishing that a document was "simply overlooked"—i.e., never reviewed by anyone—would likely also be sufficient. *Cf. Pac. Coast Steel v. Leany*, 2011 WL 4704217, at *1 (D. Nev. Oct. 4, 2011). In addition, a particular document could be so obviously privileged—and its disclosure so obviously harmful—that a mistake is the only plausible explanation for the production.

### B. Whether Rule 502(b) Applies to Documents that Were Not Previously Subjected to a Privilege Review in this Case

The February 28, 2023 ESI Protocol states: "Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not … constitute a waiver by the producing party of any privilege applicable to those documents …." April 29 Order, 2025 WL 1237370, at *3 (quoting ESI Protocol). The July 29, 2024 Protective Order "invokes the protections afforded by Fed. R. Evid. 502(b)"; based on this language, the Court determined that the parties intended to require a showing of inadvertence in connection with claw backs governed by the Protective Order. *See id.* at *4. The Protective Order includes a carve-out, stating that it does not modify "whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review." *Id.* at *3 (quoting Protective Order). Thus, the Court held that the Protective Order "applies to documents that the producing party reviewed for privilege," while the ESI Protocol applies if there was no privilege review. *Id.*

After the April 29 Order was issued, Plaintiffs sought clarification as to which court's orders applied to documents that were reproduced to Plaintiffs after having been originally produced in the *FTC* and *California AG* cases. Amazon argued that claw backs related to documents originally produced in the *FTC* and *California AG* cases should be governed by the orders in the original cases, not the orders in this case. *See* Plaintiffs' Exhibit B (ID: 1337261). In the July 17 Order, Judge Chun granted Plaintiffs' motion in part and denied it in part, holding: "To claw back any documents in Plaintiffs' cases, Amazon must make a showing of inadvertence under Rule of Evidence 502(b), regardless of whether the documents were produced to Plaintiffs after having been previously produced in another action, or initially withheld in another action on the basis of privilege and produced first to Plaintiffs…. The Court

declines to find waiver or award fees and costs." *Frame-Wilson, et al. v. Amazon*, 2:21-cv-00693-JHC, Doc. 389 at 2 (citing March 25 Order and April 29 Order).

Having reviewed the relevant Court Orders and consulting with Judge Chun, the Special Master concludes that the ESI Protocol applies if a document was produced "without prior privilege review" specific to *this* case, while the Protective Order applies to documents that were subject to such a review. Under the July 17 Order, whether a document was produced or withheld in a related case is not controlling. Amazon's actions in this case are what matters. If a document was originally produced in the *FTC* or *California AG* case was included in Amazon's privilege re-review in this case, "Amazon must make a showing of inadvertence under Rule of Evidence 502(b), regardless of whether" the protective orders in the *FTC* or *California AG* cases would separately require a showing of inadvertence. If the document was never reviewed in this case, however, the ESI Protocol applies, and a showing of inadvertence is not required.

### C. Conclusion

For the reasons explained, the Special Master will apply the inadvertence standard set forth above in reviewing documents that were produced after a privilege review in this case. For documents that were produced without a case-specific privilege review, the ESI Protocol applies, and Amazon will not be required to show inadvertence.

IT IS SO ORDERED.

Hon. Elizabeth D. Laporte (Ret.)
Special Master

Dated: August 27, 2025

3

JAMS Access - Document Upload Confirmation & Proof of Service



**Frame-Wilson, Deborah, et al. vs. Amazon.com, Inc. , JAMS Reference Number: 1100119226**

You have successfully uploaded the following document through JAMS Access:

**Document Uploaded By:** JAMS

**Date of Upload:** 8/27/2025

**Time of Upload:** 03:49 PM (PT)

**Document Title:** Order re Clawback Standard.pdf

An email notification has been sent to the following individuals included on the JAMS Access Service List:

**JAMS :** David Baake (dbaake@jamsadr.com);Elizabeth Laporte (elaporte@jamsadr.com);Alexandra Brilliant-Li (abrilliantli@jamsadr.com);

**DUNN ISAACSON RHEE LLP :** Agbeko Petty (apetty@dirllp.com);Amy Mauser (amauser@dirllp.com);Annelise Corriveau (acorriveau@dirllp.com);Benjamin Cabranes (bcabranes@dirllp.com);Karen Dunn (kdunn@dirllp.com);Kyle Smith (ksmith@dirllp.com);Lyle Gruby (lgruby@dirllp.com);Meredith Dearborn (mdearborn@dirllp.com);William Isaacson (wisaacson@dirllp.com);

**Davis Wright Tremaine LLP :** Emily Parsons (emilyparsons@dwt.com);MaryAnn Almeida (maryannalmeida@dwt.com);

**Hagens Berman Sobol Shapiro LLP :** Anne Johnson (annej@hbsslaw.com);Barbara Mahoney (barbaram@hbsslaw.com);Kelly Fan (kellyf@hbsslaw.com);Steven Berman (steve@hbsslaw.com);

**Keller Postman :** Alex Dravillas (ajd@kellerpostman.com);Branden Weber (branden.weber@kellerpostman.com);Jessica Beringer (jessica.beringer@kellerpostman.com);Roseann Romano (roseann.romano@kellerpostman.com);Shane Kelly (shane.kelly@kellerpostman.com);Zina Bash (zina.bash@kellerpostman.com);

**Quinn Emanuel Urquhart & Sullivan LLP :** Adam Wolfson (adamwolfson@quinnemanuel.com);Alicia Cobb (aliciacobb@quinnemanuel.com);David LeRay (davidleray@quinnemanuel.com);Elle Mahdavi (ellemahdavi@quinnemanuel.com);Maxwell Deabler-Meadows (maxmeadows@quinnemanuel.com);Nic Siebert (nicolassiebert@quinnemanuel.com);Steig Olson (steigolson@quinnemanuel.com);

**Redgrave LLP :** Britt DeVaney (bdevaney@redgravellp.com);Robert Keeling (rkeeling@redgravellp.com);

Other authorized users may also receive email notification of this record.

Future registered users added to the JAMS service list will also have access to this document.

I, Eleanor Van Natta, not a party to the within action, am at least 18 years old and my business address is in San Francisco, California, hereby declare that on 8/27/2025, I electronically served the attached Order re Clawback Standard.pdf on the parties in the within action via JAMS Access at the electronic service address(es) above.

I declare under penalty of perjury the foregoing to be true and correct.

*/s/ Eleanor Van Natta*

Eleanor Van Natta

www.access.jamsadr.com