The Honorable John H Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00693-JHC<br><br>**PLAINTIFFS' MOTION TO RESET TRIAL FOR NOVEMBER 2, 2026 AND ENTER PRETRIAL SCHEDULE**<br><br>**NOTE ON MOTION CALENDAR:**<br>December 29, 2025 |



## I.  INTRODUCTION

The Court reset trial in this case from October 5, 2026, to June 14, 2027, due to a conflict with trial in the California Attorney General's related case, which was then set for October 19, 2026.[1] Now that the California trial has moved to January 19, 2027,[2] Plaintiffs respectfully request that the Court return trial to fall 2026 and enter Plaintiffs' proposed order setting a case schedule leading to trial on November 2, 2026, or the soonest available date thereafter.

Good cause exists to order a fall 2026 trial because: (a) the conflict precipitating the trial's move from October 2026 to June 2027 no longer exists; (b) the Court already rejected Amazon's remaining arguments against a fall 2026 trial when it ordered trial in this case before the government and other related cases; (c) Plaintiffs and their counsel have diligently litigated this case and sought an early trial at every possible opportunity; and (d) the prompt resolution of these class claims, brought on behalf of approximately 300 million consumers nationwide, is clearly in the public interest and delay of trial risks enormous prejudice to Plaintiffs.

Amazon asserted previously that trial should not conflict with previously scheduled trials in related actions. Plaintiffs' current proposal accomplishes this goal in the exact same number of days between opening merits expert reports and trial as the schedule the parties jointly submitted to the Court when the Court had ordered an October 2026 trial.

Any new reasons Amazon invents to deny Plaintiffs a fall 2026 trial should be viewed with extreme skepticism given Amazon's gamesmanship in scheduling trial across cases. Amazon successfully argued that trial in this case had to be moved because the California trial was scheduled for the same month, though it never raised an issue with the Zulily and FTC trials being scheduled so close together.[3] Plaintiffs accurately predicted that the FTC's trial would be postponed following the government shutdown, yet Amazon opposed designating Plaintiffs' case

---

[1] ECF Dkt. Nos. 431; 433; 445.
[2] *The People of the State of California v. Amazon.com, Inc.*, Case No. CGC-22-601826, Dec. 12, 2025 Stipulation and Order to Continue Pretrial Deadlines and Trial Date at 2, attached hereto as Exhibit A.
[3] The Zulily trial is scheduled for January 11, 2027. *Zulily LLC et al. v. Amazon.com, Inc.*, 2:23-cv-1900-JHC, ECF Dkt. No. 52. The FTC trial was, until this week, scheduled for February 9, 2027. *Federal Trade Commission et al. v. Amazon.com, Inc.*, 2:23-cv-1495-JHC, ECF Dkt. No. 492.

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 1
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

for trial as an alternate to the FTC or Zulily trials if one or more of those cases were to move.[4] Then, after agreeing to move the FTC's trial,[5] Amazon agreed that the California Attorney General could take the January 2027 trial slot, though the Zulily trial remains scheduled for that same month. Because there is no reasoned basis to deny Plaintiffs prompt resolution of their claims when no other related trial is scheduled, Plaintiffs' Motion should be granted.

## II.  LEGAL STANDARD

The Court may modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

## III.  THERE IS GOOD CAUSE TO RESET THE TRIAL DATE TO NOVEMBER 2026

*First*, Amazon's reason for bumping trial from the original October 2026 date—the conflict with the California trial—no longer exists. Amazon's primary argument in its Motion to Reset Trial Date was that an October 5, 2026 trial would substantially overlap with the October 19, 2026 trial then scheduled in the California case.[6] It argued that "Amazon cannot reasonably—without being significantly prejudiced in its trial preparation—try two jury trials on a parallel track involving many of the same witnesses, in two separate courtrooms, in two different states."[7]

Now that the California trial has been pushed to January 2027, there is no conflict that would prevent trial of Plaintiffs' case in fall 2026, as the Court previously ordered. Starting trial in early November 2026, as Plaintiffs propose, would provide ample time for the class claims to be tried without the overlap Amazon asserted was prejudicial. Even crediting Amazon's bloated

---

[4] ECF Dkt No. 463.

[5] *Federal Trade Commission et al. v. Amazon.com, Inc.*, 2:23-cv-1495-JHC, ECF Dkt. No. 564 at 8.

[6] ECF Dkt. No. 433 at 1, 5-7. Similarly, addressing the federal government shutdown that had occurred since its Motion, Amazon requested in its Reply that the Court schedule a telephonic conference to "discuss with the parties a trial date in this action that does not conflict with a previously scheduled trial." ECF Dkt. No. 444 at 1.

[7] ECF Dkt. No. 433 at 5.

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 2
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

estimate that trial "will last at least four weeks and likely more, following jury selection"[8] the two-and-a-half months between Plaintiffs' proposed trial date and January 19, 2027, is more than sufficient.

*Second*, the Court has rejected Amazon's remaining arguments against a fall 2026 trial. Amazon already briefed its request that the Court enter a longer case schedule. When the parties submitted competing trial schedule proposals on September 5, 2025, Amazon asked the Court to set a schedule that deferred trial until spring 2027, arguing that Plaintiffs' proposed schedule was too compressed.[9] Rather than order an extended schedule, as Amazon proposed, the Court set trial for October 5, 2026.[10] The schedule Plaintiffs propose now provides the exact number of days between opening reports and trial as the schedule the parties jointly submitted after the Court ordered an October 5, 2026 trial.[11] Plaintiffs' workable proposal strikes the right balance between affording sufficient time for expert discovery and dispositive briefing and rulings, while ensuring the prompt resolution of the claims of approximately 300 million consumers. Amazon's preference to delay its potential liability for damages to consumers nationwide should be given no weight.

The Court also rejected Amazon's argument that trial here should follow trial in the regulators' cases[12] when it originally set trial before the trials in the later-filed government actions. The Court's prior order is consistent with cases recognizing that direct purchasers like Plaintiffs have their own cognizable interests that are separate from those of regulators, governments, and competitors. *See, e.g.*, *In re TFT-LCD Flat Panel Antitrust Litig.*, 2011 WL 13152270, at *5 (N.D. Cal. June 13, 2011) ("It does not follow from a state law restriction relating to *parens patriae* actions that" the claims of their residents cannot be preemptively resolved by a "nationwide" class asserting "claims based on the same facts."); ECF Dkt. No. 422 at 3.

---

[8] *Id.* at 6.
[9] ECF Dkt. No. 422 at 5-11.
[10] ECF Dkt. No. 431.
[11] *Compare* ECF Dkt. No. 437 (248 days from opening reports to trial) *with* Plaintiffs' Proposed Order (same).
[12] ECF Dkt. No. 422 at 5.

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 3
CASE NO. 2:21-cv-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

The government actions are not the "lead" cases, as Amazon has claimed.[13] Although courts sometimes designate a "lead" case among coordinated or consolidated cases,[14] the Court did not do so here. While Plaintiffs reasonably agreed to coordinate fact discovery with the regulators' cases to ease Amazon's burden, Plaintiffs never agreed and the Court never ordered, nor even suggested, that Plaintiffs' case is subordinate to the regulators' cases. In certifying the class, the Court performed a rigorous analysis and determined that Plaintiffs should represent the hundreds of millions of consumers nationwide who overpaid for products on Amazon due to Amazon's anticompetitive PMFN and Plaintiffs' counsel should be "lead" counsel in pursuing those claims. *De Coster v. Amazon.com, Inc.*, 2025 WL 2836824, at *22-23 (W.D. Wash. Aug. 6, 2025). Plaintiffs should be permitted to promptly resolve their claims without waiting for resolution of later-filed cases which seek monetary relief for only a subset of consumers harmed.[15]

*Third*, Plaintiffs and their counsel have diligently litigated this case and sought an early trial at every possible opportunity. Plaintiffs filed their case in May 2021, 30 months before the Zulily action, 28 months before the FTC's action (and the Attorneys General who joined the FTC action), and 15 months before the California Attorney General's action. Since that time, Plaintiffs and their counsel have vigorously litigated this case by, *e.g.*: (a) obtaining favorable legal rulings on the pleadings here and in *Frame-Wilson* that benefited plaintiffs in the related cases;[16] (b) fending off Amazon's attempt to delay class certification until after summary judgment in the government cases;[17] (c) winning motions to compel that resulted in Amazon (i) downgrading over 100,000 documents improperly withheld in whole or part as privileged[18] and

---

[13] *See* ECF Dkt. No. 433 at 2.
[14] *See* Manual for Complex Litigation (Fourth) at §10.123.
[15] The FTC's claims are strictly for equitable relief.
[16] *See, e.g.*, *FTC v. Amazon.com, Inc.*, 2024 WL 4448815, at *5 (W.D. Wash. Sept. 30, 2024) (relying on prior *De Coster* order and order in the related *Frame-Wilson* class action to reject an argument raised by Amazon to dismiss action); *Zulily, LLC v. Amazon.com, Inc.*, 761 F. Supp. 3d 1368, 1391 (W.D. Wash. 2024) (same); *People v. Amazon.com, Inc.*, 2023 WL 8719823, at *6-8 (Cal. Super. Ct. Mar. 30, 2023) (relying extensively on *Frame-Wilson* order to reject Amazon's motion to dismiss).
[17] ECF Dkt. No. 160 at 4 (agreeing with Plaintiffs that Amazon had not shown good cause to delay class certification briefing until after summary judgment motions were resolved in the government cases and that such a delay would be highly prejudicial to Plaintiffs).
[18] ECF Dkt. No. 289; *FTC*, ECF Dkt. No. 286.

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 4
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

(ii) disclosing its effort to escape antitrust liability here and in related government litigation by secretly funding and influencing publications on key issues like the relevant antitrust market;[19] (d) exchanging comprehensive expert reports detailing the anticompetitive effects of Amazon's PFMN with citation to the vast evidentiary record;[20] (e) securing class certification for a class estimated to include around 300 million consumers and defeating Amazon's motion to exclude Plaintiffs' economic expert;[21] and (f) successfully opposing two efforts by Amazon to petition the Ninth Circuit to reverse this Court's rulings.[22]

Though the Court deferred entering a trial schedule until after class certification,[23] as soon as the Court certified the class, Plaintiffs sought a case schedule leading to an early trial in August 2026.[24] After the Court reset the trial to June 2027 to account for the conflict with the California trial, Plaintiffs sought a case schedule that would permit an earlier trial if the FTC's trial date became available due to the government shutdown.[25] Plaintiffs then quickly filed this Motion once an earlier trial date became available. Plaintiffs' diligence is indisputable. *Cf. De Coster v. Amazon.com, Inc.*, 2025 WL 2836824, at *22 ("Plaintiffs' counsel has diligently litigated this case….").[26]

*Finally*, Plaintiffs and the class will be prejudiced if they must wait until June 2027 to try their claims. Amazon seeks to bar recovery by class members to the extent it is duplicative of recovery by other plaintiffs.[27] By June 2027, the California Attorney General and the FTC, together with 19 states and commonwealths, will have tried the PMFN claims Plaintiffs were the first to assert. If Plaintiffs are forced to wait, Amazon will likely argue that the monetary relief by class members who are residents of those states are resolved or limited by adjudication of

---

[19] ECF Dkt. No. 410.
[20] ECF Dkt. Nos. 181-1; 307-1.
[21] ECF Dkt. Nos. 366; 408.
[22] ECF Dkt. No. 364 (9th Circuit Order denying Amazon's Petition for Writ of Mandamus); ECF Dkt. No. 434 (9th Circuit Order Denying Amazon's Rule 23(f) Petition).
[23] ECF Dkt. 61.
[24] ECF Dkt. 422 at 1-5, 11-12.
[25] ECF Dkt. No. 450.
[26] *See also id.* at *24 ("Over the years" Plaintiffs' counsel "has ably performed on behalf of the putative class . . . [and] vigorously advocated for Plaintiffs' interests….").
[27] *See* ECF Dkt. No. 267 at 32 (fourth affirmative defense).

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 5
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

those States' claims, even if the state statutes provide a lesser recovery than class members would receive if they proceeded as a class member. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 U.S. Dist. LEXIS 17793, at *33 (N.D. Cal. Feb. 15, 2011) (California's *parens patriae* statute allows the state, not its residents, to receive treble damages awards). Allowing Plaintiffs the opportunity to try their claims at an earlier date minimizes this significant risk.

Class members who reside in other states will also be prejudiced if the trial is not advanced. "[T]he public has an overriding interest in securing" an "expeditious resolution of disputes," whereas a "delay in reaching the merits … is costly in money, memory, manageability and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). *Amazon*'s interest in delaying resolution of Plaintiffs' and class members' claims is contrary to this vital public interest. Plaintiffs filed their case long before the regulators and have spent millions on expert costs developing their case, convincing the Court of the reliability of their economic theory of harm, obtaining class certification, and otherwise readying the case for trial. Now that there is no conflict with a fall 2026 trial date, there is no reason that justifies delaying trial in this case to June 2027.

## IV.    AMAZON WILL NOT BE PREJUDICED

Moving the trial back to fall 2026—consistent with the Court's original order—will not prejudice Amazon. There is no longer any conflict with a fall 2026 trial date, which was Amazon's complaint with the Court's first order scheduling this case for trial. Plaintiffs' current Motion does not seek a pretrial case schedule that could be characterized as a parallel, contingent schedule, which was Amazon's issue with Plaintiffs' Motion to Modify the Scheduling Order Re: Trial Date.[28] The Court has already found, and the parties have already jointly presented a case schedule, showing that a fall 2026 trial is feasible.[29] Moreover, the parties have already agreed to an opening expert report deadline in February 2026, thus there can be no argument, like Amazon has raised in past filings related to the schedule, that Amazon needs more time for

---

[28] *See* ECF Dkt. No. 463 at 1, 3.
[29] *See supra* n.11.



its experts to review the fact record. Amazon has no credible claim of prejudice that could undermine Plaintiffs' good cause showing and the prejudice that Plaintiffs and class members will suffer if the trial date is not moved.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court reset the trial date to November 2, 2026, or the soonest available date thereafter, and enter Plaintiffs' proposed pretrial case schedule.

*I certify that this memorandum contains 2,433 words out of 4,200 words, in compliance with the Local Civil Rules 7(e)(2).*

DATED: December 15, 2025             HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Barbara A. Mahoney*
    Barbara A. Mahoney (WSBA No. 31845)
By: /s/ *Kelly Fan*
    Kelly Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com
E-mail: kellyf@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean Street, Suite 8
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Jessica Beringer (*pro hac vice*)
Shane Kelly (*pro hac vice*)
Alex Dravillas (*pro hac vice*)
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
E-mail: Jessica.Beringer@kellerpostman.com
E-mail: shane.kelly@kellerpostman.com
E-mail: ajd@kellerpostman.com



Roseann R. Romano (*pro hac vice*)
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036
Telephone: 202-918-1123
E-mail: Roseann.Romano@kellerpostman.com

*Co-Lead Class Counsel*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
295 Fifth Ave
New York, NY 10016
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
Email: davidleray@quinnemanuel.com
Email: nicolassiebert@quinnemanuel.com
Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Executive Class Counsel*

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 8
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1



**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                         */s/ Steve W. Berman*
                         Steve W. Berman

PLAINTIFFS' MOT. TO RESET TRIAL DATE FOR NOVEMBER 2, 2026 - 9
CASE NO. 2:21-CV-00693-JHC
010888-14/3298870 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX