UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER ET AL., | CASE NO. 2:21-cv-00693-JHC |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion to Approve the Form and Manner of Class Notice.  Dkt. # 484.  On August 6, 2025, the Court certified a class of "All persons in the United States who on or after May 26, 2017, purchased five or more new, physical goods from third-party sellers on Amazon's marketplace" under Federal Rule of Civil Procedure 23(b)(3).  *See* Dkt. # 420 at 50.  The Court must now approve the form and manner of notice for this certified action.  *See* Fed. R. Civ. P. 23(c)(2)(B); *see also* Dkt. # 484.  For the reasons below, the Court GRANTS IN PART Plaintiffs' Motion (Dkt. # 484).

ORDER - 1

**II**

**DISCUSSION**

Plaintiffs request that the Court approve their proposal for providing notice to class members in this Rule 23(b)(3) action. *See generally* Dkt. # 484.[1] "For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Generally, the notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class." *Edwards v. First Am. Corp.*, 2016 WL 8943464, at *12 (C.D. Cal. June 20, 2016) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962–63 (9th Cir. 2009); *see also* Manual for Complex Litigation (Fourth) § 21.311 (2004) ("Sufficient information about the case should be provided [in the class notice] to enable class members to make an informed decision about their participation [in the litigation].")). The court must also ensure that the proposed notice satisfies the specific requirements of Rule 23(c)(2):

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see also Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) ("These [Rule 23(c)(2)] requirements are designed to ensure that class notice procedures comply with the demands of due process.").

---

[1] Plaintiffs' proposed notice plan—"the Class Certification Notice Program"—is detailed in the Declaration of Cameron R. Azari, Esq. at Dkt. # 485.

ORDER - 2

Plaintiffs contend that their proposed notice plan satisfies Rule 23(c)(2)'s notice requirements and should therefore be approved. *See generally* Dkt. # 484. Defendant does not object to the bulk of Plaintiffs' proposal. *See generally* Dkt. # 490. Instead, Defendant raises two[2] specific concerns: (1) that the domain name for the notice website should be subject to meet and conferrals among the parties and should *not* be selected solely by Plaintiffs; and (2) that the proposed long-form notice should be modified because it currently "contain[s] an argumentative recitation of Plaintiffs' theory of the case that is inconsistent with the requirement that the notice be 'scrupulously' neutral." *Id*. at 3–5. Defendant also contends that the need for a ruling on Plaintiffs' motion is "premature" due to "the agreement to continued conferral[.]" *Id*. at 3.

As an initial matter, the Court does not find that ruling on the motion would be "premature." Although the Court acknowledges Defendant's concerns about the timing of Plaintiffs' motion, *see id.* at 2, it also notes that the parties have been engaged in a protracted meet-and-confer process, both before and after this motion was filed, and have apparently failed to reach an agreement on the two outstanding issues. *See* Dkt. # 493 at 4–10. As it has now been more than 7 months since the class was certified and class members are still awaiting notice, the Court does not see any reason for additional delay. It thus proceeds to the merits of Plaintiffs' motion and Defendant's objections.

As for the domain name issue, the Court agrees and disagrees with both parties in part. The Court agrees with Defendant that "Plaintiffs should not have carte blanche to pick any domain they choose" and that Defendant should have the opportunity to fully respond to Plaintiffs' proposed name—"AmazonMarketplaceLawsuit.com"—including by submitting its

---

[2] Per Defendant's Response, Defendant raised a third objection, which the parties have since resolved. *See* Dkt. # 490 at 2–3. The Court thus ADOPTS the parties' agreed-upon modified language for the notice documentation's answer to Question 15. *See id.* at 3.

ORDER - 3

own counterproposal.  *See* Dkt. # 490 at 3–4.  But it also agrees with Plaintiffs that additional conferrals among the parties are unnecessary and that "www.retailpriceclasslawsuit.com" (and other URLs that do not include "Amazon") are far too vague and ambiguous.  *See* Dkt. # 493 at 4.  The Court is thus tentatively inclined to approve "AmazonMarketplaceLawsuit.com" as the domain name for the notice website.  It will, however, reserve its final ruling on the domain name issue until after Defendant has had the opportunity to propose other viable options in accordance with the schedule set forth below.[3]

As for the long-form notice, the Court does not find any valid basis to reject Plaintiffs' proposed description of the case.  Although Defendant contends that the first three bullets of the long-form notice are "inconsistent with the requirement that the notice be 'scrupulously' neutral[,]" Dkt. # 490 at 4, the Court finds nothing in Plaintiffs' proposed language that indicates a lack of neutrality.  The first three bullets state:

  • A lawsuit is pending in the United States District Court for the Western District of Washington (the "Court") against Amazon.Com, Inc. ("Amazon"). The lawsuit alleges that Amazon violated federal antitrust laws by using its market power to impose and enforce an anti-discounting policy on third-party sellers that allowed for inflated commission fees and caused higher consumer prices. Third-party sellers are businesses that sell goods directly to consumers through Amazon's marketplace, as opposed to goods sold directly by Amazon itself.

  • Plaintiffs say that Amazon's enforcement of its anti-discounting policy prevents third-party sellers from offering lower prices for their goods on competing platforms. Plaintiffs say that these policies have anticompetitive effects because they eliminate competition among and across United States online retail marketplaces.

  • Plaintiffs contend that they, and the class of consumers they represent, have been harmed by Amazon's actions because they paid more for goods on Amazon's Marketplace that they would have paid absent Amazon's allegedly anticompetitive conduct. Specifically, Plaintiffs claim that Amazon violated the Sherman Act, 15 U.S.C. § 1 et seq.

---

[3] The Court does not view "www.retailpriceclasslawsuit.com" and other domain names that lack "Amazon" in their titles as viable options.

ORDER - 4

Dkt. # 485 at 18.  As revealed by the words "allege," "contend," "say," and "claim," Plaintiffs' allegations against Defendant are just that—allegations.[4]  There is also no judicial commentary on the merits of Plaintiffs' position nor any statements that could fairly be characterized as impermissibly "argumentative," rather than a mere recitation of Plaintiffs' theory of the case accompanied by a few details.  The Court also finds nothing inherently wrong with the notice including more details, especially where, as here, the case is a complex antitrust class action and additional details may be needed to help class members make an informed decision about whether they wish to participate in the litigation.  The Court thus declines Defendant's request to modify the first three bullets of the proposed long-form notice.

As for the other aspects of Plaintiffs' proposal, the Court finds that the Class Certification Notice Program set forth in Dkt. # 485 satisfies the requirements of Rule 23(c)(2)(B) and constitutes the best practicable notice under the circumstances.  It thus approves Plaintiffs' proposed notice plan, subject to the modifications described in this Order.

### III
### CONCLUSION

For these reasons, the Court:

(1) GRANTS IN PART Plaintiffs' Motion to Approve the Form and Manner of Class Notice (Dkt. # 484).  Plaintiffs' proposed notice plan is APPROVED, subject to these modifications:

- The answer to Question 15 in the notice documentation is amended to read:

  "The Court has currently set the trial in this matter for June 14, 2027, but that

---

[4] The fifth bullet of the long-form notice also states: "Amazon denies any wrongdoing, and the Court has not yet decided whether Amazon did anything wrong."  Dkt. # 485 at 18.

ORDER - 5

is subject to change by the Court. To check on the status of the trial date, please click at [website domain link]."

- The website domain name for the class notice website shall be confirmed at a later date. The Court will announce the authorized domain name for this action via minute order after it has reviewed Defendant's counterproposal(s) and reached a final ruling on the domain name issue.

(2) ORDERS that:

- Defendant shall provide the Court with a list of potential alternative domain names for the class notice website within seven days of this Order. Defendant's list shall be limited to viable options (as discussed in part II of this Order).

- Defendant shall provide the direct contact data for class members in its possession to Epiq within 15 days of this Order.

- The notice program shall begin within 30 days of Epiq's receipt of the final and approved data from Defendants ("Notice Start Date").

- The deadline for class members to request exclusion from the class is set at 90 days following the Notice Start Date.

Dated this 30th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 6